# NOTICE OF CORRECTION

**From: Clerk's Office**

**Case Style: Carn v. Medical Data Systems, Inc.**

**Case Number: 1:07-cv-00369-WHA**

**Referenced Pleading: REPLY BRIEF / Second Response of William C. Carn, III., Trustee - Doc. 7**

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice. Please see the correct PDF documents to this notice.**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES R CAMBRON    & | ) | BANKRUPTCY CASE NO: |
| WENDY L. CAMBRON, | ) | 05-11879 |
| | ) | CHAPTER 7 CASE |
| Debtors. | ) | |

*********************************************************************************

| | | |
|---|---|---|
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | A.P. #: 06-1057 |
| | ) | |
| WENDY CAMBRON, | ) | |
| | ) | |
| Plaintiff, | ) | A P # 06-1058 |
| | ) | |
| VS. | ) | |
| | ) | |
| MEDICAL DATA SYSTEMS, INC., | ) | |
| d/b/a MEDICAL REVENUE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NON-CORE FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON REVIEW FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

**SECOND RESPONSE OF WILLIAM C. CARN, III, TRUSTEE IN BANKRUPTCY
ESTATE OF JAMES AND WENDY CAMBRON**

David G Poston, Esq.
Attorney for William C Carn, III

OF COUNSEL:
Brock & Stout, LLC.
Post Office Drawer 311167
Enterprise, Alabama 36331
Tel:   (334) 671-5555
Fax:  (334) 671-2689

Page 1 of 11

## INTRODUCTION

On April, 5, 2007, the Bankruptcy Court entered its Report and Recommendation in this case. The Bankruptcy Court correctly found that the Defendant's PL1 form debt collection letter violated the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C § 1692 *et seq* Although the Bankruptcy Court found the Section 1692e(10) violation to be more egregious than the Section 1692e(5) violation, a **single violation** is enough to trigger liability under the FDCPA. *Rivera v. Amalgamated Debt Collection Servs.*, 2006 U.S. Dist. LEXIS 75001 (D. Fla 2006) ("any violation of the statute establishes civil liability   "); *Tyrell v. Robert Kaye & Assocs., P.A.*, 2004 U.S. Dist LEXIS 16263 (D. Fla. 2004) ("A single violation of Section 1692e is therefore sufficient to establish civil liability ... [citations omitted]")

The Defendant cannot escape the tone created by its form debt collection letter Buzz words such as "may" and "if," do not save the Defendant from liability under the FDCPA When the consumer receives the PL1 letter, he is immediately bombarded with a host of assets available to the Defendant for its use in determining "your ability to repay this debt" The tone, in and of itself, is certainly intimidating to the least sophisticated consumer and leads to a wide variety of possibilities. Endless confusion, deception, and falsity abound with the Defendant's liberal use of the host of assets listed on the PL1 debt collection letter. Furthermore, the Defendant had no intention of seeking the available information. As the Defendant's representative testified, the information was available but too costly to the Defendant That is, the information was available and the Defendant did not seek to obtain such information

## SUMMARY OF ARGUMENT

The Plaintiff's argument may be summarized as follows:

1. Conceivably, the Defendant could violate Section 1692e(10) without violating Section 1692e(5). That is, the claims arising from these subsections are mutually exclusive

2. The tone of the Defendant's PL1 form debt collection letter is ominous and threatening Unlike the Defendant's characterization that the letter is merely informative, the letter in fact exists solely for the purpose of collecting a debt.

3. The text and meaning of 15 U.S.C § 1692e(5) does not exclusively require the threat to take legal action. By its specific terms, Section 1692e(5) requires a threat to take any action: (a) that cannot legally be taken **or** (b) that is not intended to be taken

4. The Bankruptcy Court specifically held that the Defendant's form debt collection letter was false, that the Defendant's form debt collection letter was deceptive and that the Defendant's form debt collection letter was misleading

5. The "demand" component in the Defendant's argument is immaterial to the outcome of this matter. Likewise, the decision in *Kimber v. Fed. Financial Corp*, is also irrelevant to the outcome of this matter. 668 F Supp 1480 (M.D. Ala. 1987)

## ARGUMENT

A. <u>The Defendant's violation of 15 U.S. §§ 1692e(10) arises separately and destinctly from its violation of 15 U.S.C. § 1692e(5)</u>.

In the Bankruptcy Court's proposed findings of fact and conclusions of law, Judge Sawyer addressed 15 U.S.C § 1692e(10) separately and independently of 15 U S C § 1692e(5). Under the FDCPA, Section 1692e(10) and Section 1692e(5) stand independent of one another The plain reading of Section 1692e provides a laundry list of sixteen items as **examples** of conduct that violate the FDCPA. 15 U.S.C § 1692e Section 1692e(5) is very concise. A debt collector violates e(5) by first making a threat to take any action which (1) cannot legally be taken; **or** (2) that is not intended to be taken 15 U S.C § 1692e(5) By its very terms, Section 1692e(10) is broader in scope because it prohibits not only false or deceptive threats, but also "any false representation or deceptive means " *Id.* The Defendant argues that the Section 1692e(10) violation must necessarily piggy-back the Section 1692e(5)

violation. To do so would limit the scope of the FDCPA as enacted by Congress

The Federal Trade Commission (FTC) is the primary enforcement agency of the FDCPA  15 U.S.C. §§ 1692l(a), 1692m. Congress specifically charged the FTC with enforcement and administration of the FDCPA. *See* 15 U.S.C § 1692l. The FTC developed a Staff Commentary (hereinafter "the Commentary") on the FDCPA  53 Fed Reg  50097-50110 (Dec 13, 1988). Although the FTC's construction of the FDCPA is not binding, its interpretation should be accorded considerable weight  *Chevron, U.S.A. v Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984). Likewise, the Eleventh Circuit adopted the policy as outlined by the United States Supreme Court. *Pickens v. Collection Servs of Athens, Inc*, 165 F. Supp. 2d 1376, 1381 (M.D. Ga. 2001).

The Commentary views Section 1692e(5) in a manner indicative of the plain text of that subsection, focusing almost entirely upon threats, the legality of the actions threatened, and the intent of the debt collector to take those actions  53 Fed Reg  50106(1988)  The Commentary sets forth a well-reasoned explanation of the actions allowed and the actions prohibited.

As to Section 1692e(10), the Commentary states that "[t]he prohibition is so comprehensive that violation of any part of [Section 1692e] will usually also violate subsection 10." *Id.* It also states that "[Section 1692e(10)], which prohibits the 'use of any false representation or deceptive means' by a debt collector, is particularly broad and encompasses virtually every violation, including those not covered by the other subsections." *Id.* at 50105  Although each of the enumerated violations of Section 1692e may be encompassed within the scope of Section 1692e(10), it does not stand to reason that a violation of Section 1692e(10) requires a piggy-back violation of other Section 1692e components. Nowhere in the Commentary, however, does it state that claims arising from violations of multiple subsections are in any way dependant upon one another  On the contrary, it is clear that the Commentary views each and every violation as individual.

Defendant relies on *Robinson v. Transworld Systems Inc.*, for the proposition that the Plaintiff's Section 1692(e)10 claim is dependant upon Plaintiff's Section 1692(e)5 claim 876 F Supp. 385 (N D.N.Y 1995) Although the Defendant relies heavily on the *Robinson* decision, *Robinson* has never been cited for the proposition that a Section 1692e(10) violation is co-dependent on a Section 1692e(5) violation The cases citing *Robinson* evaluate (e)5 and e(10) claims individually.

In *Davis v. Commercial Check Control, Inc.*, 1999 U.S. Dist LEXIS 1682 (N D Ill 1999), a case citing *Robinson* for other points of law, independently evaluated the Section 1692(e)5 and (e)10 claims. The *Robinson* court also reasoned that "[a]s the statements allege action that is not intended, the statements are also deceptive, thus violating Section 1692e and Section 1692e(10)." *Id.* The *Robinson* court determined the validity of each violation using separate tests, without specific referral to the Section 1692e(5) claim *Id.* at 18

The majority of courts evaluate Section 1692e(5) and e(10) claims separate and distinct from one another. *See U.S. v. National Financial Services, Inc.*, 98 F 3d 131, 135-139 (4th Cir 1996); *Withers v. Eveland*, 988 F. Supp 942, 946-947 (E D Va. 1997); *Davis v. Commercial Check Control, Inc.*, 1999 U.S. District LEXIS 1682, 19-20(N D Ill. 1999); *Raimondi v McAllister & Associates, Inc.*, 50 F Supp. 2d 825, 827 (N.D Ill 1999); *Ferguson v. Credit Mgmt. Control, Inc.*, 140 F. Supp. 2d 1293, 1299-1303 (M.D Fl 2001)

In *National Financial Services*, the court evaluated the Section (e)5 and (e)10 violations arising from the exact language and determined each violation on its own merits *National Financial*, 98 F.3d at 135-139 The court in *National* held that "collection notices violate Section 1692e(5) if (1) a debtor would reasonably believe that the notices threaten legal action; and (2) the debt collector does not intend to take legal action. *Id.* at 135. In contrast, the court undertook an entirely separate review of the Section 1692e(10) claim, finding in that case that "the test is the capacity of the statement to mislead; evidence of actual deception is

unnecessary " *Id.* at 139. The decision in *National Financial Services* serves as an example as to the distinction between subsections e(5) and e(10).

The Defendant's argument is not supported by the plain meaning of the FDCPA  The Defendant's argument fails because it attempts to reduce the scope of the e(10) coverage to a narrow reading of the e(5) coverage.  Instead, as Congress intended, both e(5) and e(10) stand in concert with one another.

B.  <u>The overall tone of the Defendant's form PL1 debt collection letter is misleading and creates a sense of falsity and deception to the least sophisticated consumer</u>

When confronted with the Defendant's PL1 form debt collection letter, the unsophisticated consumer is bombarded with a host of assets at the Defendant's disposal  As such, the overall tone of the letter in and of itself, presents false, deceptive, and misleading representation or means in connection with the collection of a debt.  *See Becker v Montgomery, Lynch*, 2003 U.S. Dist LEXIS 24992 (N.D. Oh 2003); *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F. Supp. 980, 982 (N D Ill 1979)  One court held that "[e]ven a disclaimer such as 'NO LEGAL ACTION HAS BEEN OR IS NOW BEING TAKEN AGAINST YOU' does not preclude liability, if in the context of the letter the debt collector is threatening to sue." *Bentley v. Great Lakes Collection Bureau*, 6 F 3d 60, 63 (2d Cir 1993)

The legal standard in determining whether the Defendant's debt collection letter was false, deceptive or misleading under Section 1692e(10) is whether the "least sophisticated consumer" could have been deceived or misled.  The "least sophisticated consumer" is "the public ... that vast multitude which includes the ignorant, the unthinking, and the credulous " *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172-1173 (11th Cir. 1985)  *See also Clomon v Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) (defining the least sophisticated consumer as a naive, credulous, gullible, ignorant, unthinking, person of "below-average sophistication or intelligence" "with a rudimentary amount of information about the world and a willingness to

read a collection notice with some care.")

Defendant's PL1 form debt collection letter to the Plaintiffs state in relevant part, as follows:

> "Since you have failed to pay this obligation in full, we now must determine your ability to repay this debt. The information we may be seeking, if available, to determine what further collection effort to take is·
>
> 1.) Real estate ownership/equity        4.) Your source of income
> 2.) Personal property assets            5.) Automotive ownership
> 3.) Savings, checking balances          6.) Verification of employment"

See attached Exhibit "1", Defendant's PL1 form debt collection letter

The Plaintiff have steadfastly maintained that the tone of the Defendant's collection letter was one of urgency and intimidation  Immediately, the unsophisticated consumer is presented with a host of assets at the Defendant's beckon call  On its face, the letter contains a sense of imminence.  The Defendant goes so far to include the phrase "now" and "must"  The very inclusion of "now" and "must" leads to a strong sense of urgency in the collection letter  Alternatively, the Defendant argues that all of its ills are cured by the word "may"  In defining the word "may," one court found "that use of the word 'may' does nothing to cure the false impression that judgment has been obtained." *Gasser v Allen County Claims and Adjustments Inc.*, 1983 U.S. Lexis 20361 (N. D. Oh. 1983).

In following the Defendant's rationale through to its final conclusion, all that is gained from the word "may," is the possibility of two possible outcomes.  A debt collection letter is deceptive where it can be reasonably read to have multiple meanings, one of which is inaccurate. *Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3rd Cir  2006).  The holding in *Brown* echoes the FTC Commentary, which states·

> "A debt collector may not state that he will take an action unless he intends to take the action when the statement is made, or ordinarily takes the action in similar circumstances."

53 Fed Reg 50106 (1988).

The Defendant does not escape liability by including the word "may" in its PL1 collection letter In fact, the word "may" should not be viewed in isolation. In reality, the phrase states, "may, if available." The message conveyed by this phrase is that the Defendant will seek information obtainable as to all of the enumerated assets.

In this instance, information regarding specific assets are obtainable through public records. Nonetheless, the Defendant took no steps to obtain this information The Defendant's corporate representative, Gary Ball, testified that information regarding the Plaintiffs' real estate ownership was available Trial Transcr of Proceeding 22:13-15 and 23:20-22 (March 15, 2007) (attached hereto as Exhibit "2"). Gary Ball further testified that the Defendant did nothing over the preceding four years to determine the Plaintiff's ownership in real estate. *Id.* at 23:23-25 Mr. Ball went on to testify that the Defendant did not attempt to obtain information on any of the listed assets in regard to the Plaintiff *Id* at 24:13-24

In *Brown v. Card Services Center*, the Third Circuit found that a collection agency that asserted that it could take an action that it had no intention of taking or had never or rarely taken in the past would constitute a deceptive practice under the FDCPA. 464 F.3d 450, 455 (3d Cir. 2006). The same is the case in the current action. Defendant had the Cambrons' account for four years and never sought the information listed in their collection letter during that time.

The phrase "may be seeking, if available" is false as it relates to the listed assets The Defendant never sought these assets, despite the availability As such, the collection letter is false and misleading and therefore in violation of Section 1692e(10) There is nothing in the facts of this case to indicate that the Defendant ever intended to seek these assets.

The collection letter sent to the Cambrons also listed a number of assets which in total comprises all, or nearly all of the Cambrons' possessions and income The Defendant's letter

stated that Defendant was seeking information regarding these assets. Under the "least sophisticated consumer" approach, it is reasonable to believe that the assets are listed to coerce payment. It is apparent that the "least sophisticated consumer" could understand the tone of this letter to be one of coercion, urgency, and intimidation.

C.  15 U.S.C. § 1692e(5) does not exclusively require a threat to take legal action. Instead, e(5) is violated if a Defendant threatens to take action not intended.

In its response, the Defendant states that the Defendant's PL1 letter does not "state or imply that legal action against Mr. Cambron was imminent in any way." Def.'s Response at 2. The Defendant goes on to argue that the Defendant's "position is that its letter did not contain any legal threats or threaten other adverse consequences against Mr. Cambron." Def.'s response at 2-3.

15 U.S.C. § 1692e(5) subjects a debt collector to a liability if it threatens to take any action (1) that cannot legally be taken; <u>or</u> (2) that is not intended to be taken. Section 1692e(5) prohibits both "[t]he threat to take any action that cannot legally be taken" and "[t]he threat to take any action...that is not intended to be taken." The imminence of legal action is immaterial. Also, the lack of "legal threats" and "adverse consequence" have no bearing on claims brought under Section 1692e(5). The Bankruptcy Court found the Defendant's form PL1 debt collection letter contained a threat and that the Defendant had no intention of taking the action stated; to-wit: The review of available information pertaining to the Debtors' personal assets.

D.  The Bankruptcy Court specifically held that the Defendant's PL1 form debt collection letter was false, deceptive and misleading.

In the Defendant's response, the Defendant states that "[t]he Bankruptcy Court expressly acknowledged there was nothing deceptive or misleading." Defendant's response at 2. Certainly, this Honorable Court is capable of reviewing the Bankruptcy Court's Report and Recommendation. The Plaintiff, however, draws this Court's attention to page four of the

Bankruptcy Court's Report and Recommendation when it found that "the purpose and surely the effect of these letters, is to coerce payment by giving a false impression that the Debtor's wages and assets are in jeopardy." The Bankruptcy Court goes on to state unequivocally, that "[t]he undersigned finds that the language in question is deceptive and that the explanation advanced by Medical Data is unconvincing. An unsophisticated consumer would be deceived by the language in the letter." Report and Recommendation at 8. The Bankruptcy Court then states that "the Court finds that the communication from Medical Data is misleading." *Id.* The Bankruptcy Court's Report and Recommendation speaks for itself.

E.   <u>The Defendant's PL1 letter specifically makes a demand for payment</u>

The Defendant strains mightily to convince this Honorable Court that the Defendant's PL1 form debt collection letter does not demand payment. Although the demand for payment is not essential or material to this Court's finding, the letter speaks for itself. Again, this Honorable Court can review that portion of the PL1 letter that states, "Please make your check or money order payable to Medical Revenue Services." Defendant's PL1 letter. The PL1 letter goes on to state, "This communication is from a debt collector and is an attempt to collect a debt." Certainly the phrase "this is an attempt to collect a debt" is akin to a demand for payment.

F.   <u>The Bankruptcy Court's citation of *Kimber v. Fed. Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987), is not essential nor relevant to the outcome of this proceeding</u>

In its Report and Recommendation, the Bankruptcy Court cited the Middle District of Alabama decision of *Kimber v. Fed. Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987). The *Kimber* decision was cited in the context of the Bankruptcy Court providing examples of e(10) violations. The Bankruptcy Court did not find *Kimber* as a central component of its finding of fact and conclusions of law. The *Kimber* decision was for illustrative purposes only. The issue in this case is not whether the Defendant has a right to collect upon a time-barred debt.

Clearly, the *Kimber* decision does not hold that a debt collector is prohibited from collecting on a time-barred debt. The issue before this Honorable Court is whether the Defendant's PL1 form debt collection letter violated 15 U S C § 1692e(10) or e(5)

## CONCLUSION

The Bankruptcy Court correctly applied 15 U S.C § 1692e to the Defendant's debt collection letter by finding the letter violates Section 1692e(5) and e(10) The Bankruptcy Court's Report and Recommendation should be adopted in total and enter judgment in favor of the Plaintiff.

Respectfully submitted,

BROCK & STOUT

_____
David G. Poston, Esq.
Walter A. Blakeney, Esq
Michael D. Brock, Esq
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
Tel: (334) 671-5555
Fax: (334) 671-2689
E-mail: christal02@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Russel A. McGill, Esq , Attorney for Defendant, via electronic mail at rumcgi@sbswlegal.com, this 15th day of June, 2007.

_____
David G. Poston, Esq.

**Medical Revenue Services**
P.O. Box 1149
Sebring FL 33871

Reference
F9708100109

Toll Free Number
(800) 315-6050

Total Amount Due
$1874.59

CHECK CARD USING FOR PAYMENT



CARD NUMBER

AMOUNT            EXP DATE

SIGNATURE

MAKE CHECK PAYABLE AND REMIT TO:

**RETURN SERVICE REQUESTED**
04/19/2005

med9axA12DP0A107KE-014004

JAMES R CAMBRON
PO BOX 464
DALEVILLE AL 36322-0464

Medical Revenue Services
PO BOX 1149
SEBRING FL 33871-1149

CHECK HERE IF ADDRESS OR INSURANCE INFORMATION IS
INCORRECT AND INDICATE CHANGE ON REVERSE SIDE

Page 1 of 1
DETACH HERE AND RETURN TOP PORTION WITH YOUR PAYMENT

---

Medical Revenue Service is a collection agency, retained to represent the below named creditor. Since you have failed to pay this obligation in full, we now must determine your ability to repay this debt. The information we may be seeking, if available, to determine what further collection effort to take is:

1.) Real estate ownership/equity
2.) Personal property assets
3.) Savings, checking balances
4.) Your source of income
5.) Automobile ownership
6.) Verification of employment

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please make your check or money order payable to Medical Revenue Service. In order to assure proper credit to your account, include the reference number with your payment. We also accept "check by telephone" for your convenience. If you have any questions, you may contact an account representative at the above listed phone number.

Pursuant to Section 807(11) FDCPA, this communication is from a debt collector and is an attempt to collect a debt. Any further information obtained will be used for that purpose.

A. U. Clancy
Collection Department

AUC/tb

| Account # | Client Name | Service Date | Balance | Patient Name |
|---|---|---|---|---|
| F9708500163 | Flowers Hospital | 03/26/1997 | 307.68 | Lehr, Timmy J |
| F9708100109 | Flowers Hospital | 03/22/1997 | 1386.55 | Lehr, Timmy J |
| F0307000545 | Flowers Hospital | 03/13/2003 | 58.77 | Cambron, James R |
| F0402500112 | Flowers Hospital | 01/25/2004 | 55.74 | Cambron, James R |
| F0402400129 | Flowers Hospital | 01/24/2004 | 65.85 | Cambron, James R |

TOTAL BALANCE: $1874.59



PLAINTIFF'S EXHIBIT 1

PL1