IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. CARN, III, CHAPTER 7 TRUSTEE, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 1:07cv369-WHA |
| MEDICAL DATA SYSTEMS, INC., d/b/a MEDICAL REVENUE SERVICES, INC., | ) ) ) ) ) | (WO) |
| Defendant. | ) | |

## ORDER

This cause is before the court on Defendant's Motion for Leave to Respond to Plaintiff's Second Response (Doc. #12). Under Rule 9003 of the Federal Rules of Bankruptcy Procedure, parties have 10 days to file an objection once the bankruptcy court enters its Proposed Findings of Fact and Conclusions of Law in non-core proceedings. Following any such objection, the other party is given 10 days to file a response. FED. R BANKR. PRO. 9033(b). In the present case, the parties initially followed the protocol set forth under Rule 9003. After the Plaintiff's Response to the Defendant's Objection, however, the Defendant filed a Response to the Plaintiff's Response to the Defendant's Objection (hereinafter, the "Defendant's Reply"). Rule 9003 does not provide for such a reply. At that point, the court had two options: (1) the court could strike the Defendant's Reply, or (2) the court could allow the Plaintiff to respond. Because the Plaintiff asked for leave to respond, the court granted leave to file a surreply, as opposed to striking the Defendant's Reply. The Plaintiff subsequently filed its Second Response (hereinafter, the "Plaintiff's Surreply").

The Defendant now asks for leave to file another response. The court finds that any additional response is unnecessary. The court already has granted the parties significant leeway to argue their points by allowing both parties to file an additional brief not provided for under Rule 9003. That rule only allows for an objection and a response and provides for no further briefing. Nonetheless, the court allowed each side to file an additional brief in the form of a Reply and a Surreply. At this point, the court has allowed each party to file two briefs on these issues and that should be sufficient for the parties to set forth their arguments.

The court is capable of determining the issues relevant to the Defendant's objections without any further briefing. Moreover, because Rule 9003 provides for the non-objecting party to enter the final brief, the court is confident that neither party is prejudiced by putting an end to such filings at this point. Accordingly, the Defendant's Motion for Leave to Respond to Plaintiff's Second Response (Doc. #12) is DENIED.

Done this 3rd day of July, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE