IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| JAMES R. CAMBRON  & | ) | 1:07-CV-00369-WHA |
| WENDY L. CAMBRON, | ) | |
| | ) | 1:07-CV-00370-WHA |
| | ) | |
| | ) | CASE NO. 05-11879 |
| Debtors. | ) | CHAPTER 7 |
| ----------------------------------------------------------------- | ) | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | A.P. NO.: 06-1057 |
| Plaintiff, | ) | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | A.P. NO.: 06-1058 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MEDICAL DATA SYSTEMS, INC., | ) | |
| d/b/a MEDICAL REVENUE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR ADDITIONAL ATTORNEY FEES AND COSTS

COMES NOW the Plaintiff, William C. Carn, III., Chapter 7 Trustee of the bankruptcy estate of James and Wendy Cambron, by and through the undersigned attorney, and moves this Honorable Court to order the Defendant, Medical Data Systems, Inc., d/b/a Medical Revenue Services, Inc. (hereinafter, "Medical Revenue"), to pay the undersigned's additional attorney fees and costs for Defendant's violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"). 15 U.S.C. §§ 1692 *et seq.* As grounds for his motion, the Plaintiff states as follows:

PROCEDURAL HISTORY

1.     On April 18, 2006, the Debtors, James and Wendy Cambron, filed Adversary Proceedings against the Defendant, Medical Revenue, in the United States Bankruptcy Court for the Middle District of Alabama bearing case numbers 06-01057 and 06-01058, asserting violations of the FDCPA.

2.     On August 28, 2006, the Plaintiff, Carn, filed an amended complaint in the Debtor's, James Cambron's, Adversary Proceeding.

3.     On March 15, 2007, a trial on the merits was held before the Honorable William R. Sawyer, United States Bankruptcy Judge.

4.     On April 5, 2007, the Honorable William R. Sawyer entered his Report And Recommendation in favor of the Plaintiff.  Furthermore, the Honorable William R. Sawyer ordered the undersigned to file an Affidavit in support of their claims for attorney fees and costs.

5.     On April 17, 2007, the undersigned filed the Plaintiffs' Consolidated Motion For Attorney Fees And Costs wherein the undersigned requested attorney fees in the amount of $26,819.00 and expenses in the amount of $2,717.78, for a total of $29,536.78.

6.     On April 20, 2007, the Defendant objected to the Bankruptcy Court's Report And Recommendation.  The Defendant did not object to eh requested attorney fees.

7.     On April 30, 2007, the Plaintiff timely responded to the Defendant's objection. Fed. R. Bankr. Proc. 9003(b).

8.     On May 29, 2007, the Defendant filed a reply to the Plaintiff's response to the Defendant's objection.

9.     On May 30, 2007, the Plaintiff requested leave to respond to the Defendant's reply.

10.    On May 30, 2007, this Honorable Court granted the Plaintiff leave to file a second response.

11.    On June 15, 2007, the Plaintiff filed his second response.

12.    On June 19, 2007, the Defendant filed moved for leave to file an additional response to the Plaintiff's second response.

13.    On July 3, 2007, this Honorable Court denied the Defendant's motion for leave to file a response.

14.    Following the Court's denial of the Defendant's motion, this Honorable Court took the Bankruptcy Court's Report And Recommendation under review in accordance with Fed. R. Bankr. Proc. 9003(b).

15.    On August 10, 2007, the Honorable William R. Sawyer granted the undersigned's request for attorney fees and costs in the amount of $29,536.78. Judge Sawyer specifically noted the Defendant's failure to respond to the attorney fee request.

16.    On December 4, 2007, after conducting an independent evaluation and *de novo* review, this Honorable Court adopted the Bankruptcy Court's Report And Recommendation.

17.    Subsequent to filing the Plaintiff's first request for attorney fees and costs, the undersigned, David G. Poston, Esq., has expended a total of 53.86 hours on behalf of the Plaintiff and in prosecution of the FDCPA claims against the Defendant. Attached hereto as Exhibit "A," the undersigned submits the Affidavit of David G. Poston In Support Of His Request For Additional Attorney Fees. Attached hereto as Exhibit "B," is a detailed billing of the time expended and the expenses advanced by the undersigned in prosecution of the Plaintiff's and FDCPA claims.

18.    The undersigned, David G. Poston, asserts a rate of $250 per hour for services provided from April 12, 2007, through the present date.

19.    The total lodestar calculation for the undersigned's, David G. Poston's, services in this matter is 53.86 hours at 250/hr. = $13,465.00.

20.    The undersigned's, David G. Poston's, associate also expended 30.25 hours at $125 per hour for services provided. The total amount of the associate attorney's time expended equals $3,781.25.

21.    As evidenced by this Honorable Court's finding of liability as stated in its Memorandum Opinion and Final Judgment, the Plaintiff was successful in his FDCPA action against the Defendant.

22.    The affidavit of Gerald A. Templeton in support of the reasonableness of the requested fees of David G. Poston, and in support of the reasonableness of the work performed by David G. Poston, is attached hereto as Exhibit "C."

23.    The affidavit of Nicholas Wooten in support of the reasonableness of the requested fees of David G. Poston, and in support of the reasonableness of the work performed by David G. Poston, is attached hereto as Exhibit "D."

24.    The affidavit of Ed Wayland in support of the reasonableness of the requested fees of David G. Poston is attached hereto as Exhibit "E."

25.    The undersigned attorney expressly reserves and requests the right to supplement the Plaintiff's Motion For Additional Attorney Fees and Costs to the extent the undersigned attorneys are required to:

- Submit a reply to Defendant's opposition to this Motion for Additional Attorney Fees;

- Reply to any appeal of any part of the case or this Court's rulings to the Eleventh Circuit Court of Appeals;

- Enforce or execute on any final judgment in accordance with the Federal Rules of Civil Procedure; or,

- Perform any other action necessary to enforce the Order of this Court.

26.    The Plaintiff also requests this Honorable Court leave this case open, after a final non-appealable Order is entered of record, pending the Plaintiff's collection of all outstanding fees and costs and satisfaction of the Final Judgment.

WHEREFORE, Plaintiff, William C. Carn, III., requests this Honorable Court award additional attorney fees for the services of David G. Poston in the amount of $13,465.00, award associate attorney fees in the amount of $3,781.25, for a total of **$17,246.25**. Plaintiff further requests this Honorable Court award attorney fees for the time expended litigating this motion.

Respectfully submitted,

BROCK & STOUT

David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Stefanie H. Jackman, Esq., and J. Kirkman Garrett, Esq., Attorneys for Defendant, via electronic mail at stefaniejackman@paulhastings.com and jkgarrett@csattorneys.com, this 18 day of Dec , 20 7 .

David G. Poston

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| JAMES R. CAMBRON   &   | ) | 1:07-CV-00369-WHA |
| WENDY L. CAMBRON, | ) | |
| | ) | 1:07-CV-00370-WHA |
| | ) | |
| | ) | CASE NO. 05-11879 |
| Debtors. | ) | CHAPTER 7 |
| -------------------------------------------------------- | ) | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | A.P. NO.: 06-1057 |
| Plaintiff, | ) | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | A.P. NO.: 06-1058 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MEDICAL DATA SYSTEMS, INC., | ) | |
| d/b/a MEDICAL REVENUE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF DAVID G. POSTON IN SUPPORT OF REQUEST FOR ADDITIONAL ATTORNEY FEES

David G. Poston declares under penalty of perjury, as provided for by the laws of the United States

28 U.S.C. § 1746, that the following statements are true:

1. I am a member in good standing of the following Courts:

Supreme Court of Alabama, Montgomery, Alabama, April 29,1991.

United States Circuit Court of Appeals for the Eleventh Circuit.

United States District Court for the Middle District of Alabama, Montgomery, Alabama,

September 9, 1992.

United States District Court for the Northern District of Alabama, Birmingham, Alabama,

July 21, 1992.

United States District Court for the Southern District of Alabama, Mobile, Alabama,

March 30, 2007.

2.  I am a 1983 graduate of Florida State University and a 1991 graduate of The Cumberland

School of Law, of Samford University.  I am a member of the Alabama State Bar and the National

Association of Consumer Advocates.

3.  My legal employment is as follows:

a)      From March 1991 through August 1992, I was the Judicial Law Clerk for the

Honorable L.C. Watson, Jr. (ret.), and the Honorable James S. Sledge, United

States Bankruptcy Judges for the Northern District of Alabama, Eastern Division.

b)      In August 1992 I opened my law practice as David G. Poston, Attorney at Law

practicing almost exclusively in the area of consumer bankruptcy law.  I worked as a

sole practitioner from August 1992 until December 1998.

c)      From January 1999, until December 31, 1999, I was a partner in the law firm of

Espy, Metcalf & Poston, P.C., with an office located in Dothan, Alabama.  My

practice was limited primarily to representing consumers with particular emphasis on

representing consumer debtors in The United States Bankruptcy Court under the

United States Bankruptcy Code.

d)      From January 1, 2000 until March 31, 2006, I was the sole shareholder of David G.

Poston, P.C. During this time I shared offices with Collier H. Espy, Jr., Esq. and

Cameron A. Metcalf, Esq. My practice was limited primarily to representing

consumers with particular emphasis on representing consumer debtors in The

United States Bankruptcy Court under the United States Bankruptcy Code.

e)      Beginning in 2003, I expanded my practice to representing consumer debtors under

the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

    f)    From April 1, 2006, until the present time, I am a partner in the law firm of Brock & Stout, overseeing the Consumer Litigation Department.  The Consumer Litigation Department represents only consumers as it pertains to consumer related issues such as violation of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, mortgage abuse cases, and the Bankruptcy Automatic Stay.

4. I have authored or contributed to the following publications:

    a)    Note, *Gone Today and Here Tomorrow:  Damage Recovery for Subsequent Developing Latent Diseases in Toxic Tort Exposure Actions*, 14 AM. J. TRIAL ADVOC. 159 (1990).

    b)    J. Mendelsohn: *Liquor Liability In Alabama*, 13 AM. J. TRIAL ADVOC. 825 (1989).

5. I have lectured to professional groups or taught on consumer law issues including:

    a)    Houston County CPA Association, 1997, Consumer Bankruptcy Law.

    b)    Bay County, Florida, CPA Association, 1996, Consumer Bankruptcy Law.

    c)    Troy State University at Dothan, Alabama, 1995-1998, Bankruptcy for Paralegals.

6. I have been involved in over 3,177 debtor bankruptcy cases in the United States Bankruptcy Court including numerous chapter 7 and chapter 13 consumer bankruptcy cases.  Furthermore, I estimate that I have represented consumers in over ninety-nine (99) percent of the these cases.

7. Prior to my partnership with the law firm of Brock & Stout, LLC., I filed approximately 190 consumer lawsuits in the United States Bankruptcy Court and the United States District Court.

8. Since my partnership with the law firm of Brock & Stout, LLC., the Consumer Litigation Department has filed over 140 lawsuits in the United States Bankruptcy Court and the United States District Court.

9. I am requesting attorney fees at the current market rate of $250 per hour for services rendered

from April 17, 2007, to December 18, 2007. I believe the amount requested is reasonable and is less than the rates being charged by many attorneys with similar experience and expertise in Alabama Federal Courts.

10. I am currently employed, on a contingency basis, to represent the Trustee in this litigation. My contingency fee arrangement provides that I will not charge the bankruptcy estate for my services. My contingency requires the Plaintiff to be successful in the FDCPA action and to make application for an award of attorney fees. Furthermore, I am not deducting a fee for the statutory damage award.

11. The United States Attorney's Office for the District of Columbia sets forth a "Laffey Matrix" which provides for a reasonable hourly rate for attorneys with various legal experience. Because I have practiced in consumer law since 1992, this places me with experience of between eleven (11) and nineteen (19) years. The Laffey Matrix for the year 2003 through 2004 provides for a presumptive reasonable rate of $335 per hour. A copy of the Laffey Matrix from the United States Attorney's Office for the District of Columbia is attached hereto as Exhibit "1."

12. At present, my caseload consists exclusively of consumer litigation and other consumer matters. I undertake representation in the FDCPA cases with the expectation of being paid a contingency amount from the proceeds of recovery or being paid based on an award of fees pursuant to a fees shifting statute such as the FDCPA. In the present case, I am not deducting any fees from the statutory damage award. I also represent consumers on the basis of fees paid to me by the client. In those cases, the rate of compensation that I require for my services has been based on an hourly rate of $250.00.

13. In calendar year 2007, I have been awarded $250 per hour in the following fee shifting consumer cases:

- *Thompson v. D.A.N. Joint Venture, III., L.P.*, Middle District of Alabama, case number 1:05-cv-938;

- *Parker v. Pioneer Credit Company of Alabama, Inc.,* Middle District of Alabama, Adversary Proceeding number 06-01139; and,

- *Hodge v. The Money Shop, LLC.*, Middle District of Alabama, Adversary Proceeding number 06-01210.

14.    I expended a total of <u>53.86</u> additional hours in this adversary proceeding.  My contemporaneous time records reflecting my services for the additional time expended in this litigation is attached to the Plaintiff's Motion For Additional Attorney Fees as Exhibit "B," and filed concurrently with this affidavit.

15.    The reasonable hourly rate for my services in 2007 is $250 per hour.

16.    The loadstar calculation of attorney fees for my time expended is (<u>53.86</u> hours at $250/hr = <u>$13,465.00</u>).

17.    My Associate Attorney's time thus-far is <u>30.25</u> hours at $125.00 per hour, which comes to <u>$3,781.25</u>.

18.    The total additional fees I am requesting equals **<u>$17,246.25</u>**.

The foregoing is true and correct to the best of my knowledge, information, and belief and assigned under penalty of perjury on this _____ day of December, 2007.  Further affiant saith not.

Respectfully submitted,

BROCK & STOUT

David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

Sworn and subscribed before me this 18 day of December, 2007.

Notary Public

My Commission Exp.: 4/19/2011

(Seal)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Stefanie H. Jackman, Esq., and J. Kirkman Garrett, Esq., Attorneys for Defendant, via electronic mail at stefaniejackman@paulhastings.com and jkgarrett@csattorneys.com, this ____ day of _____, 20___.

David G. Poston

EXHIBIT "1"

Civil Division - United States Attorney's Office - the District of C...    http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Mat..



# UNITED STATES ATTORNEY'S OFFICE
## FOR THE DISTRICT OF COLUMBIA

HOME

U.S. ATTORNEY

ABOUT US

DIVISIONS

COMMUNITY
PROSECUTION

PROGRAMS
FOR YOUTH

VICTIM WITNESS
ASSISTANCE

PARTNERSHIPS

PRESS RELEASES

EMPLOYMENT

ESPAÑOL

CONTACT US

LINKS

SITE MAP

## LAFFEY MATRIX 2003 - 2014

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 | 10-11 | 11-12 | 12-13 | 13-14 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20+ years | 380 | | | | | | | | | | |
| 11-19 years | 335 | | | | | | | | | | |
| 8-10 years | 270 | | | | | | | | | | |
| 4-7 years | 220 | | | | | | | | | | |
| 1-3 years | 180 | | | | | | | | | | |
| Paralegals & Law Clerk | 105 | | | | | | | | | | |

### Explanatory Notes

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1984 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does not apply in cases in which the hourly rate is limited by statute. See 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds,* 746 F.2d 4 (D.C. Cir. 1984), *cert. denied,* 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey,* 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates. *See Laffey,* 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel,* 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. See *Covington v. District of Columbia,* 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied,* 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e.g., Blackman v. District of Columbia,* 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.,* 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.,* 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n,* 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University,* 881 F. Supp. 653, 654 (D.D.C. 1995).

**EXHIBIT "B"**

BROCK & STOUT LLC
P. O. DRAWER 311167
ENTERPRISE, AL  36331-1167


James and Wendy Cambron
P.O. Box 464
Daleville AL 36322


December 18, 2007

In Reference To:   Cambron vs. Medical Revenue Services
                   AP # 06-01057, ALMD Case No.: 1:07-cv-369
                   AP # 06-01058, ALMD Case No.: 1:07-cv-370

Invoice #10303

          Professional Services

| | | Hrs/Rate | | Amount |
|---|---|---|---|---|
| 4/17/2007 | Reviewed and made changes to final detailed billing. | 2.00 250.00/hr | DGP | 500.00 |
| | Finalized and made changes to motions and fee affidavits. Filed same. | 0.30 75.00/hr | CAR | NO CHARGE |
| 4/18/2007 | Transcribed letter to clients providing update. | 0.20 75.00/hr | CAR | NO CHARGE |
| | Dictated letter to clients providing update. | 0.20 250.00/hr | DGP | 50.00 |
| 4/20/2007 | Reviewed Defendant's objection to proposed findings of fact and conclusions of law. | 0.75 250.00/hr | DGP | 187.50 |
| 4/21/2007 | Began reading the cases cited in Defendant's Objection. Also began preparing outline for Plaintiff's response to Defendant's objection and counter arguments. | 3.44 250.00/hr | DGP | 860.00 |
| | Reviewed Rule 9033(d). Researched rule 9033(d) on Lexis | 0.60 250.00/hr | DGP | 150.00 |
| | Dictated memo to Walter to begin preparing response to Defendant's objection. Provided him my rough outline and advised him to print all cases cited in Defendant's objection. | 0.20 250.00/hr | DGP | 50.00 |
| 4/23/2007 | Assignment from David to begin Plaintiff's response. Initial review of Defendant's objection. Began research of 1692e; e(10) and e(5) case law. Printed off the cases cited in Medical Data's brief. | 4.80 125.00/hr | WB | 600.00 |

James and Wendy Cambron                                                                 Page     2

|            |                                                                                                                                                                                                                                                       | Hrs/Rate          |     | Amount     |
|------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------|-----|------------|
|            | Highlighted those portions of the cases cited by Defendant. Reviewed trial brief prepared by David Poston.                                                                                                                                              |                   |     |            |
| 4/23/2007  | Reviewed Med Data's Objection to Judge Sawyer's Report and Recommendation. Discussion with David as to how we will proceed. David and Walt will prepare response.                                                                                        | 0.50 250.00/hr    | MDB | NO CHARGE  |
|            | Telephone call from Mike regarding the Defendant's Objection. Advised him that Walt and I have begun preparing a response in accordance with Judge Sawyer's time deadlines.                                                                              | 0.10 250.00/hr    | DGP | 25.00      |
| 4/24/2007  | E-mail notice that the Defendant has ordered a transcript.                                                                                                                                                                                             | 0.10 250.00/hr    | DGP | NO CHARGE  |
|            | Research and writing. Began drafting reply brief. Met with David as to format of brief and the arguments to emphasize.                                                                                                                                  | 4.30 125.00/hr    | WB  | 537.50     |
|            | Meetiing with Walt regarding reply brief. We need to prepare reply in same format as required by Bankruptcy Rule 8010. Also discussed the arguments to emphasize in the reply.                                                                          | 0.60 250.00/hr    | DGP | 150.00     |
| 4/25/2007  | Research & brief preparation. Continued preparing response brief due next week. Also continued research for other cases necessary to complete brief.                                                                                                    | 2.30 125.00/hr    | WB  | 287.50     |
|            | Brief Preparation. Additional work on brief to be turned in next week.                                                                                                                                                                                 | 0.60 125.00/hr    | WB  | 75.00      |
| 4/26/2007  | Brief Preparation. Continued to work on response brief.                                                                                                                                                                                               | 0.50 125.00/hr    | WB  | 62.50      |
| 4/27/2007  | Completed rough draft of Response to Defendant's Objection. Gave to David for review.                                                                                                                                                                  | 3.10 125.00/hr    | WB  | NO CHARGE  |
|            | Meeting with Walter regarding plaintiff's response. Walt has completed rough draft but is having difficulty formulating arguments based on Defendant's objection. Defendant argues that e(10) and e(5) are linked. Suggested that he continue to re-focus on issues rather than responding to the disjointed argument provided by Defendant. | 0.50 250.00/hr    | DGP | 125.00     |
|            | Reviewed rough draft of Plaintiff's response. Began making revisions Plaintiff's response. Draft needs some work.                                                                                                                                       | 3.60 250.00/hr    | DGP | 900.00     |
| 4/29/2007  | Continued revisions to Plaintiff's Response.                                                                                                                                                                                                          | 3.50 250.00/hr    | DGP | 875.00     |
| 4/30/2007  | Reviewed documents transmitted from Bankruptcy Court to District Court.                                                                                                                                                                                | 0.20 250.00/hr    | DGP | 50.00      |

James and Wendy Cambron                                                    Page    3

|            |                                                                                                                                                                                                                                                        | Hrs/Rate          |     | Amount      |
|------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------|-----|-------------|
| 4/30/2007  | Meeting with Christal.  Asked her to contact Bankruptcy Court to advise that we would file a response to the Defendant's objection. It appears that record was transmitted to District Court before time for filing Plaintiff's response.              | 0.10 250.00/hr    | DGP | 25.00       |
|            | Further revisions to Plaintiff's Reply to Defendant's Objection.  Brief is not in correct format pursuant to Rule 8010.  Also dictated citation format as required by 8010.  Met with Walter and requested that he Shepardize all cases cited in brief. | 3.10 250.00/hr    | DGP | 775.00      |
|            | Reviewed revised reply brief as changed by David Poston.  Also shepardized all cases to make sure all were good law.  Reviewed all citations to make certain cites were in correct blue book format. Gave Brief to David for final approval.            | 2.60 125.00/hr    | WB  | 325.00      |
|            | Made final changes to substantive content in Plaintiff's response to Defendant's objections to findings of fact and conclusions of law. After receiving final draft, Walt and I re-read brief for any errors to make certain all citations were in correct blue book format and in accordance with Bankruptcy Rule 8010. | 3.40 250.00/hr    | DGP | 850.00      |
|            | Final preparation for filing.  I reviewed and dictated table of contents to indicate the page numbers for all citations in brief. David Poston signed without any further revisions.                                                                   | 1.20 125.00/hr    | WB  | 150.00      |
| 5/11/2007  | Received notice indicating that the transcript has been filed regarding the trial on March 15, 2007.                                                                                                                                                  | 0.10 250.00/hr    | DGP | NO CHARGE   |
| 5/15/2007  | Email Notification;  Received and reviewed Transcript of Proceedings filed by the U.S. District Court.                                                                                                                                                | 0.10 250.00/hr    | DGP | NO CHARGE   |
|            | Email Notification;  Received and reviewed Transcript of Proceedings filed by the U.S. District Court.                                                                                                                                                | 0.10 125.00/hr    | WB  | NO CHARGE   |
| 5/29/2007  | Defendant filed a response to Plaintiff's response.  The Defendant's pleading is filed outside of time.  Reviewed Defendant's response.  Highlighted points made.  I had a difficult time understanding Defendant's argument.  Began review of cases cited in response. | 2.20 250.00/hr    | DGP | 550.00      |
|            | Read and reviewed trial transcript regarding questioning of Gary Ball.  Highlighted relevant sections including those answers wherein Ball indicated that the Defendant did not check for automobile ownership or real property ownership.             | 1.75 250.00/hr    | DGP | 437.50      |
|            | Received and reviewed Defendant's Response In Opposition To Plaintiff's Response To Defendant's Objections To Report And Recommendations.                                                                                                              | 0.40 125.00/hr    | WB  | NO CHARGE   |
|            | Dictated Plaintiff's Leave to File Reply to Defendant's Second Response.                                                                                                                                                                              | 0.60 250.00/hr    | DGP | 150.00      |

James and Wendy Cambron

Page    4

| | | Hrs/Rate | | Amount |
|---|---|---|---|---|
| 5/30/2007 | Reviewed Plaintiff's motion for leave to respond. | 0.20<br>125.00/hr | WB | NO CHARGE |
| | Email Notification;  Received and reviewed Order Granting Motion For Leave To File Response To Defendant's Last Response. | 0.10<br>125.00/hr | WB | NO CHARGE |
| | Reviewed Order Granting Motion For Leave To File Response To Defendant's Last Response. | 0.10<br>250.00/hr | DGP | NO CHARGE |
| | Meeting with David & Christal.  Discussed filing of motion for leave to respond to Defendant's last response, as well as a brief to follow within 15 days. | 0.10<br>125.00/hr | WB | NO CHARGE |
| | Finalized and filed Motion For Leave To File Response To Defendant's Last Response. | 0.20<br>75.00/hr | CAR | NO CHARGE |
| | Executed notice of appearance in this case. | 0.10<br>125.00/hr | WB | NO CHARGE |
| 5/31/2007 | Meeting with Walter regarding response brief to be filed.  Walter will conduct further research and prepare rough draft.  I will polish up when complete.  Discussed points made by Defendant in second response.  Defendant seems to be focusing on the word "may."  Advised Walter about the Brown case where the court of appeals shot down the "may" word.  Also told Walter to focus on the FTC commentary. | 0.40<br>250.00/hr | DGP | 100.00 |
| | Read and familiarized myself with Brown v. Card Services Center prior to beginning response brief. | 0.75<br>125.00/hr | WB | 93.75 |
| | Conducted additional research in preparation for response brief.  Focused on FTC commentary. | 2.40<br>125.00/hr | WB | 300.00 |
| 6/5/2007 | Research regarding e10 and e5 violations being separate or interrelated. | 1.00<br>125.00/hr | WB | 125.00 |
| 6/8/2007 | Continued research for reply brief to Defendant's response. | 1.00<br>125.00/hr | WB | 125.00 |
| 6/12/2007 | Began outlining Plaintiff's reply brief and points to make. | 1.00<br>125.00/hr | WB | 125.00 |
| | Began drafting response brief. | 1.20<br>125.00/hr | WB | 150.00 |
| 6/13/2007 | Continued work on second reply brief. | 5.10<br>125.00/hr | WB | 637.50 |
| 6/14/2007 | Finalized rough draft of Plaintiff's second reply brief. | 2.50<br>125.00/hr | WB | NO CHARGE |

James and Wendy Cambron                                                              Page    5

|            |                                                                                                                                                       | Hrs/Rate           |     | Amount     |
|------------|-------------------------------------------------------------------------------------------------------------------------------------------------------|--------------------|-----|------------|
| 6/14/2007  | Made revisions to rough draft of second reply brief.                                                                                                    | 0.80<br>125.00/hr  | WB  | NO CHARGE  |
| 6/15/2007  | Made additional revisions and corrections to second response brief.                                                                                     | 1.30<br>125.00/hr  | WB  | NO CHARGE  |
|            | Reviewed Walt's finalized draft of second response. Met with Walter regarding second reply brief. I am not pleased with the progress of this brief. Advised Walt to redraft and make changes as indicated. | 0.75<br>250.00/hr  | DGP | 187.50     |
|            | Worked on re-drafting brief.                                                                                                                            | 2.20<br>125.00/hr  | WB  | NO CHARGE  |
|            | Reviewed redrafted second reply brief prepared by Walter Blakeney. The brief still needs work. Made major revisions to the content of the brief. This brief was in response to the Defendant's response. | 7.00<br>250.00/hr  | DGP | 1,750.00   |
|            | Reviewed and made final changes to brief.                                                                                                               | 2.30<br>250.00/hr  | DGP | 575.00     |
| 6/18/2007  | Dictated Conflict Disclosure Statement.                                                                                                                 | 0.20<br>250.00/hr  | DGP | 50.00      |
| 6/19/2007  | Reviewed Defendant's latest response and Motion for Leave to File. Reviewed the response. It makes no new points. I will object                          | 0.75<br>250.00/hr  | DGP | 187.50     |
|            | Telephone call to Mike Brock. Advised him of Defendant's third filing regarding Judge Sawyer's Report and Recommendation. We agreed that I would file no further responses if District Court overrules our objection. | 0.20<br>250.00/hr  | DGP | 50.00      |
| 6/20/2007  | E-mail notification from court of Defendant's motion for leave to respond to Plaintiff's second response brief.                                          | 0.10<br>125.00/hr  | WB  | 12.50      |
|            | Reviewed Defendant's motion for leave as well as accompanying response.                                                                                 | 0.30<br>125.00/hr  | WB  | 37.50      |
|            | Researched case cited in Defendant's motion for leave.                                                                                                  | 0.20<br>125.00/hr  | WB  | 25.00      |
|            | Conference with Walter Blakeney. Advised him to draft objection to Defendant's latest brief.                                                            | 0.10<br>250.00/hr  | DGP | 25.00      |
|            | Dictated objection to Defendant's motion for leave to respond.                                                                                          | 0.30<br>125.00/hr  | WB  | 37.50      |
| 6/22/2007  | Dictated changes to Plaintiff's Objection to Defendant's Motion for Leave to Respond.                                                                    | 0.20<br>125.00/hr  | WB  | 25.00      |

James and Wendy Cambron                                                                      Page    6

|  |  | Hrs/Rate |  | Amount |
|---|---|---|---|---|
| 6/26/2007 | Email Notification;  Received and reviewed Motion For Leave To File Documents Out Of Time by Russel A. McGill. | 0.10 125.00/hr | WB | NO CHARGE |
|  | Telephone call from Russ McGill. Russ asked that I consent to him filing documents in the Wendy Cambron case.  Apparently, all of the other documents had been only filed in the James Cambron case.  Because the two are related, I consented to him filing the documents asking the court to deem the other documents filed in the Wendy Cambron case. | 0.20 250.00/hr | DGP | 50.00 |
|  | Reviewed motion for leave to file by Medical Data.  This is in accordance with my discussion with Russ McGill. | 0.10 250.00/hr | DGP | 25.00 |
| 7/2/2007 | Telephone call to John G. Parker's office (404) 815-2222.  He is the attorney who has filed the briefs in District Court.  I was transferred to Stephanie Jackman's office.  Discussed the Cambron case.  Russ McGill called her Friday at 5:00 P.M. to advise about the settlement document that is due today.  She e-mailed Mr. Parker and is also attempting to reach Gary Ball.  She will discuss resolution of all Medical Data cases and the possibility of opening up settlement discussions.  She will call me before the close of business. | 0.20 250.00/hr | DGP | 50.00 |
| 7/3/2007 | Email Notification;  Received and reviewed Motion To Appear Pro Hac Vice. | 0.10 250.00/hr | DGP | NO CHARGE |
|  | Email Notification;  Received and reviewed Motion To Appear Pro Hac Vice. | 0.10 125.00/hr | WB | NO CHARGE |
|  | Reviewed order granting John Parker's motion to appear Pro Hac Vice. | 0.10 250.00/hr | DGP | 25.00 |
|  | Reviewed order granting defendant's motion to file documents out of time. | 0.10 250.00/hr | DGP | 25.00 |
| 7/17/2007 | Telephone call from Stephanie Jackman.  Her firm will be taking over defense of the Medical Data cases.  She reviewed the docket and noticed that there was an unopposed motion for summary judgment.  We discussed effect of unopposed summary judgment motion.  We discussed staying all of the Federal Court cases.  Advised her of the pending summary judgment motions in the bankruptcy court which were stayed by Judge Williams pending resolution of the Cambron matter.  Discussed the motion to deem facts admitted that was filed in the Toney case.  Ultimately, I agreed that I would not oppose a motion to extend time for her to file a response to the summary judgment motion, but delayed a decision on the motion to stay proceedings pending a review of her draft.  She will e-mail me a proposed motion to stay proceedings.  She will contact the judge's law clerks in the Andrews and Cambron matter to ascertain whether Judge Albritton is working on an opinion in Cambron and whether Judge Thompson is close to a decision in Andrews.  She will contact me tomorrow to discuss in | 0.47 250.00/hr | DGP | 117.50 |

James and Wendy Cambron

Page    7

| | | Hrs/Rate | | Amount |
|---|---|---|---|---|
| | more detail. This conversation lasted 1 hour and 20 minutes. The time indicated herein is distributed pro rata amongst Andrews, Cambron and Toney. | | | |
| 7/17/2007 | Meeting with Walter. Asked him to research Rule 42 and consolidation of all Medical Data cases as with Cambron. | 0.10 250.00/hr | DGP | 25.00 |
| 7/18/2007 | Researched the issue pertaining to consolidating all of our Medical Data cases in accordance with F.R.C.P. 42 and other such provisions of law. | 0.40 125.00/hr | WB | 50.00 |
| | Meeting with Mike Brock. Discussed conversation with Ms. Jackman. His opinion is that we should not agree to any stay or extension of time. His opinion is that this matter has gone on too long. He asked me to contact Stephanie Jackman and advise her that we would oppose any judgment for extension of time and that we would oppose any stay of the matters. We can easily write a brief on appeal if we obtain a favorable summary judgment motion. He also advised that he would speak with her concerning this matter. The meeting lasted approximately 45 minutes. The time reflected herein is a pro rata distribution of hours amongst Andrews, Cambron, and Toney. | 0.25 250.00/hr | DGP | 62.50 |
| 7/19/2007 | Email Notification from District Court;  Received and reviewed Notice of Appearance by John K. Garrett. | 0.10 250.00/hr | DGP | NO CHARGE |
| | Email Notification;  Received and reviewed Notice of Appearance by John K. Garrett. | 0.10 125.00/hr | WB | NO CHARGE |
| 7/20/2007 | Email Notification;  Received and reviewed Notice of Deficiency requiring filing of Corporate Disclosure / Conflict Statement directed to Defendant.. | 0.10 125.00/hr | WB | NO CHARGE |
| | Email Notification from District Court  notifying Defendant of Deficiency requiring filing of Corporate Disclosure / Conflict Statement. | 0.10 250.00/hr | DGP | NO CHARGE |
| | Email Notification;  Received Docket Text entry adding James Huckaby, Jr. as attorney for Defendant. | 0.10 125.00/hr | WB | NO CHARGE |
| | Email Notification from District Court;  Received Docket Text entry adding James Huckaby, Jr. as attorney for Defendant. | 0.10 250.00/hr | DGP | NO CHARGE |
| | Email Notification from District Court notifying me that Corporate/Conflict Disclosure Statement was filed. | 0.10 250.00/hr | DGP | NO CHARGE |
| 8/10/2007 | Reviewed Judge Sawyer's Order granting Motion For Attorney Fees. | 0.10 250.00/hr | DGP | 25.00 |
| | Email Notification;  Received Order granting Motion For Attorney Fees. | 0.10 125.00/hr | WB | NO CHARGE |

James and Wendy Cambron                                                      Page    8

| | | Hrs/Rate | | Amount |
|---|---|---|---|---|
| 12/4/2007 | Email Notification;  Received and reviewed District Court Memorandum Opinion and Judgment. | 0.20 125.00/hr | WB | NO CHARGE |
| | Reviewed District Court Memorandum Opinion and Judgment. Judge Albritton overruled Defendant's objection. | 0.40 250.00/hr | DGP | 100.00 |
| 12/11/2007 | Began first review of time slip entries with eye toward billing discretion. | 2.20 250.00/hr | DGP | 550.00 |
| | Telephone call to Jerry Templeton.  Forwarded all pleadings and asked him to review.  Provided history of District Court Review and asked him to provide affidavit.  After reviewing, he will call if any questions. | 0.40 250.00/hr | DGP | 100.00 |
| 12/12/2007 | Research regarding Fed R. Civ. Pro. 54(d)(2)(B). | 0.40 250.00/hr | DGP | 100.00 |
| | Research regarding Fed R. Civ. Pro. 59(e). | 0.10 250.00/hr | DGP | 25.00 |
| | Reviewed Judge Sawyer's Report and subsequent Order regarding attorney fees. | 0.40 250.00/hr | DGP | 100.00 |
| | Dictated Motion To  Alter or Amend requesting Judge Albritton incorporate Judge Sawyer's Order on attorney fees in the final judgment. | 0.60 250.00/hr | DGP | 150.00 |
| | Preparation of pleadings--Transcribed Motion To Alter or Amend Judgment. | 0.30 75.00/hr | CAR | NO CHARGE |
| | Telephone call to Nick Wooten.  Discussed fee application and history of case.  Inquired as to his hourly rate and whether he would prepare affidavit.  He wants to see history and pleadings in case.  Will review and provide affidavit. | 0.40 250.00/hr | DGP | 100.00 |
| 12/13/2007 | Telephone call from Ed Wayland.  He was returning my call. Questioned him about his Consumer experience and legal experience.  Discussed market rate for the Middle District. Discussed history of the Cambron case and its current posture.  He agreed to review the history and prepare affidavit for me. | 0.30 250.00/hr | DGP | 75.00 |
| | Telephone call from Christy Crow.  She was returning my call. Questioned her about her hourly rate in consumer cases.  Most of her consumer work is on a pure contingency where she doesn't keep up with hours.  Her firms hourly rate in Bullock County is $300 to $350.  I may need to get an affidavit for hourly rates generally. | 0.30 250.00/hr | DGP | 75.00 |
| 12/14/2007 | Final review of bill. | 0.50 250.00/hr | DGP | 125.00 |

James and Wendy Cambron

Page    9

| | | Hrs/Rate | | Amount |
|---|---|---|---|---|
| 12/14/2007 | Research case law regarding award of attorney fees for appeal work and for defending fee application. | 2.80 250.00/hr | DGP | 700.00 |
| 12/17/2007 | Reviewed Affidavit submitted by Ed Wayland | 0.10 250.00/hr | DGP | 25.00 |
| | Reviewed Affidavit submitted by Nick Wooten | 0.20 250.00/hr | DGP | 50.00 |
| | Telephone call from Jerry Templeton. He is attempting to send his affidavit by email. Not going through. | 0.10 250.00/hr | DGP | NO CHARGE |
| | Dictated brief in support of motion for attorney fees. | 4.60 250.00/hr | DGP | 1,150.00 |
| | For professional services rendered | | 98.31 | $17,246.25 |
| | Balance due | | | $17,246.25 |

**EXHIBIT "C"**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| JAMES R. CAMBRON & | ) | **1:07-CV-00369-WHA** |
| WENDY L. CAMBRON, | ) | **1:07-CV-00370-WHA** |
| | ) | |
| | ) | **CASE NO. 05-11879** |
| Debtors. | ) | **CHAPTER 7** |
| ---------------------------------------------------------------) | | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | **A.P. NO.: 06-1057** |
| Plaintiff, | ) | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | **A.P. NO.: 06-1058** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MEDICAL DATA SYSTEMS, INC., | ) | |
| d/b/a MEDICAL REVENUE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF GERALD ALAN TEMPLETON

STATE OF ALABAMA

SHELBY COUNTY

Before me, the undersigned notary public, in and for said county and state personally appeared

Gerald A. Templeton, and who by me first being duly sworn, deposes and says as follows:

1.      My name is GERALD ALAN TEMPLETON, and I am over the age of nineteen years.  I

have personal knowledge of all of the statements made herein.  I neither have any financial interest in

1

this litigation nor have I consulted or discussed this case with David Poston prior to the time of his request for this affidavit in support of his Attorney's Fee Petition. I have not charged Mr. Poston for this Affidavit.

    2.      The following facts are based on my personal knowledge.

    3.      I am a member in good standing of the bars of the following Courts:

- U.S. Supreme Court, admitted in 1999;
- U.S. Court of Appeals for the Eleventh Circuit, Atlanta, Ga., admitted in 1991;
- U.S. District Court for the Northern District of Alabama, Birmingham, Al., admitted in 1991;
- U.S. District Court for the Middle District of Alabama, Montgomery, Al., admitted in 1991;
- U.S. District Court for the Southern District of Alabama, Mobile, Al., admitted in 1991, and
- The Supreme Court of Alabama, Montgomery, Al., admitted April 29th, 1991.

    4.      I graduated from Auburn University in 1984 and from Cumberland School of Law at Samford University in 1991. I am in good standing with the Alabama State Bar and have never been subject to any disciplinary proceedings.

    5.      I am a full time attorney engaged in a private civil practice in Alabama. A growing part of my practice is representing consumers who have been unfairly and wrongfully abused, discriminated against and harassed by credit granting organizations and third-party debt collectors. I also practice complex civil litigation and insurance defense litigation as well as special education law, civil rights, immigration, taxation, commercial litigation and real estate.

    6.      I am in private practice in Indian Springs Alabama with The Templeton Group, P.C. I regularly practice in the Middle District of Alabama.

7.    I have reviewed the fee petition of David Poston and his firm, several of the pleadings and both of the extensive opinions of Judge Sawyer from April 5, 2007 and Judge Albritton on December 4, 2007 in this matter. I have also reviewed the various objections filed by the Defendants to the Report and Recommendation as well as the case docket sheet and Plaintiff's responses to Defendant's objections.

8.    I am knowledgeable about the types of claims that experienced counsel are generally willing to undertake on behalf of individual consumers and the possible terms of that legal representation as to both the hourly fees and contingent cases. In the typical consumer type of cases, there are very few attorneys who will represent low income consumers on a contingency basis under a fee shifting basis such as the FDCPA. There are even fewer attorneys who will act as private attorney generals to enforce the mandates of a statute where the requested injuries are only statutory in nature.

9.    Through my own fee petition cases as well as my experience in the Title VII context, I am familiar with the "Market Rate" for the Middle District of Alabama. My last fee award in a consumer case after trial was at the $250.00 level. Mr. Poston was also awarded fees at that hourly rate in that matter. In reviewing other case Fee approval orders as well as my direct work with Mr. Poston in other recent Fee Petition cases, wherein he successfully was granted fees and expenses, it is clear that the minimum market rate to be applied to Mr. Poston is $250.00. His other past fee petition orders support this finding by the other Judges in the District.

10.    Mr. Poston's Market Rate, given the success in this file also supports a higher per hour range. I would place Mr. Poston's Market Rate range from a low end of $250.00 up to a high end of the

3

range at $325.00. I do believe this range applies to Mr. Poston given his growing expertise in these cases as well as the increased costs of Federal Court Litigation and the difficulty in successfully litigating consumer cases. There is no other attorney that I am aware of who has the current experience in these cases besides Mr. Poston in the Middle District.

11.     I have represented individuals in Fair Debt Collection Practices Act cases, as well as other consumer related matters, including the Fair Credit Reporting Act and others. I am an experienced FDCPA attorney and have practiced in this area since 2005. I have attended multiple seminars on the provisions of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. I have also lectured on the issues and substantive law encompassed by the Fair Debt Collection Practices Act.

12.     There are very few lawyers in Alabama that handle cases in this area of law. Mr. Poston is well known in the Bankruptcy Court for the Middle District of Alabama. His work product and legal skill are exemplary.

13.     Finally, I have reviewed Mr. Poston's time and billing for the work performed in this matter. Considering on the one hand, the type of responses filed by Defendant, and on the other hand, the different and separate type responses required to be filed by the Plaintiff, (before the Bankruptcy Court and the appeal to District Court), it is clear to me that Mr. Poston spent sufficient and appropriate hours on this file. The time expended in a busy law practice on a litigation file with a fee shifting statute is appropriate when reviewing the work in opposition to Defendant's case filings. The fees and expenses are well within the norm for this type of case with the results obtained.

4

14.    Based on the excellent results in this case, it is my opinion that Mr. Poston should be awarded his requested fees and expenses.

15.    As stated above, I am personally familiar with Mr. Poston's work product having tried a FDCPA case with him in the Middle District this year and attest to the quality of his representation in consumer related cases.

GERALD A. TEMPLETON, ESQ.

Comes now, Gerald A. Templeton, and after being duly sworn, subscribed his name before me this __18__ day of December, 2007.

Notary Public
My Commission Expires on: NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Apr 6, 2009
BONDED THRU NOTARY PUBLIC UNDERWR.

5

**EXHIBIT "D"**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| JAMES R. CAMBRON | ) | 1:07-CV-00369-WHA |
| WENDY L. CAMBRON, | ) | |
| | ) | 1:07-CV-00370-WHA |
| | ) | |
| | ) | CASE NO. 05-11879 |
| Debtors. | ) | CHAPTER 7 |
| ------------------------------ | ) | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | A.P. NO.: 06-1057 |
| Plaintiff, | ) | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | A.P. NO.: 06-1058 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MEDICAL DATA SYSTEMS, INC., | ) | |
| d/b/a MEDICAL REVENUE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF NICHOLAS HEATH WOOTEN

**STATE OF ALABAMA**

**CHAMBERS COUNTY**

Before me, the undersigned notary public, in and for said county and state personally appeared

NICHOLAS HEATH WOOTEN, and who by me first being duly sworn, deposes and says as follows:

1. My name is **NICHOLAS HEATH WOOTEN**, and I am over the age of nineteen years. I am not associated with any of the parties to this lawsuit and have no financial interest in the outcome of the case or the attorney's fee petition.

2. The following facts are based on my personal knowledge.

3. I graduated from Jones School of Law and was admitted to practice in Alabama in 1998.

4.    I am in good standing with the Alabama Bar and have never been subject to any disciplinary proceedings. I am admitted to practice before all of the Federal District Courts in Alabama, as well as the Eleventh Circuit Court of Appeals.

5.    I am in private practice in Lafayette, Alabama. My firm's name is the Wooten Law Firm, P.C.

6.    I have reviewed the fee petition, the pleadings and the opinions of both Judge Sawyer and Judge Albritton.

7.    The major portion of my practice is the representation of plaintiffs in civil litigation. I am knowledgeable about the types of claims that experienced counsel are generally willing to undertake on behalf of individual consumers and the possible terms of that legal representation as to both the hourly fees and contingent cases. In consumer protection cases such as this type of litigation there are very few attorneys who will represent low income consumers on a contingency basis under a fee shifting statute such as the FDCPA. There are even fewer attorneys who will act as private attorney generals to enforce the mandates of a statute where the requested injuries are only statutory in nature.

8.    I have surveyed the market rate for the Middle District of Alabama by searching on PACER to determine the "market" for lawyer services in this sort of case. My PACER search was limited to the United States District Court for the Middle District of Alabama and the United States Bankruptcy Court for the Middle District of Alabama. Ironically enough, Mr. Poston appears to be the only attorney who has requested fees for these consumer type of cases. His approved market rate appears to be firmly entrenched at the $250 per hour range, although this seems low for Mr. Poston considering his years of consumer experience and the quality of work that is consistently put forth by him and his firm. Additionally, application of the *Laffey Matrix* would support hourly fees of more than $400 per hour for an attorney with Mr. Poston's experience. I have personally been awarded a fee that equaled an hourly rate of $304.35 in the Bankruptcy Court of the Middle District of Alabama in the year 2005 in the case of Annie B. Robertson 04-81344.

9.   I searched the National Association of Consumer Advocates online directory and discovered that there are only fourteen (14) attorneys who hold themselves out as consumer advocates. Of this total, three of the attorneys include Mr. Poston and members of his firm; One of the attorneys practices with Legal Services of Alabama and has never filed a fee application; One of the attorneys is the undersigned; and One of the attorneys does not actively practice law.

10.  I have represented individuals in Fair Debt Collection Practices Act cases, as well as other consumer related matters, including the Fair Credit Reporting Act, the Real Estate Settlement and Procedures Act (RESPA) and others. I attend and participate in national seminars on consumer protection claims and causes of action.

11.  There are very few lawyers in Alabama that handle cases in this area of law. A search of the National Association of Consumer Advocates Data Base reveals that there are only 42 attorneys throughout the entire State of Alabama who hold themselves out as consumer attorneys. Of these, two are no longer actively practicing law in the private sector and one of them is a law school professor.

12.  I generally accept cases on a contingency fee basis. In fee shifting cases, I have been awarded fees based on an hourly rate of $304.35. Considering the results obtained, an hourly rate of two hundred fifty dollars ($250.00) is very much appropriate for this type of case. After looking at the history of this case, it is apparent to me that Mr. Poston is very much deserving of a $250 per hour rate. The Defendant never offered to settle this case before trial. As such, Mr. Poston and Mr. Brock tried the case to a successful conclusion. The Defendant continued with its belief that its letter did not violate the FDCPA and appealed to the United States District Court. I reviewed the history of this case and saw that Mr. Poston fought the Defendant every step with well researched and well written briefs supporting his client's position. Mr. Poston has practiced consumer law for a number of years in the Middle District of Alabama. Most notably, Mr. Poston is well known in the

Bankruptcy Court for the Middle District of Alabama. His work product and legal skill are exemplary.

13.  I have reviewed Mr. Poston's time and billing. Considering the number of Responses by the Defendant in its appeal, Mr. Poston seems to have effectively responded in a minimal amount of time. I believe that the hours requested for Mr. Poston's additional fees are reasonable. In comparing the hours to the briefs submitted, the request is more than reasonable. The briefs and the research speaks for itself. The hours to research and write the briefs are very reasonable.

14.  Based on the excellent results in this case, it is my opinion that Mr. Poston should be awarded his requested fees.

15.  I am personally familiar with Mr. Poston's work product in general and attest to the quality of his representation in consumer related cases.

NICHOLAS HEATH WOOTEN

Sworn and subscribed before me this _14_ day of _December_, 2007.

Notary Public
My Commission Expires on: 10|30|09

EXHIBIT "E"

## DECLARATION OF EDWARD M. WAYLAND

**EDWARD M. WAYLAND** hereby states and declares the following:

1. I am an attorney admitted to practice in the courts of the State of Alabama and in the United States District Court for the Middle District of Alabama.

2. I received my J.D. degree from the Columbia University School of Law, New York City, New York, in 1977. In the same year, I was admitted to practice in the courts of the Commonwealth of Virginia. In 2004, I moved to Alabama, and after taking the bar exam I was admitted to practice in the courts of the State of Alabama in April, 2005. I am also admitted to practice in the federal courts in both Virginia and Alabama, including the United States District Court for the Middle District of Alabama. I am a sole practitioner with my office located in the City of Montgomery, Alabama.

3. I have handled consumer cases on a regular basis throughout my legal career. I began to specialize in that area of practice in 2003. In that year, I became a member of the National Association of Consumer Advocates, and I have devoted the majority of my practice to consumer cases since that time. In addition to cases alleging claims of common law fraud and conversion, I have handled cases under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.; the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.; the Truth-in-Lending Act, 15 U.S.C. §1601 et seq.; the Motor Vehicle Information and Cost Savings Act (commonly referred to as the Federal Odometer Act), 49 U.S.C. §32701 et seq.; the Virginia Consumer Protection Act, Code of Virginia, §19.1-198 et seq.; the Virginia Motor Vehicle Warranty Enforcement Act (known as the "Virginia Lemon Law"), Code of Virginia §59.1-207.9 et seq.; the Alabama Deceptive Trade Practices Act, Code of Alabama, Code of Alabama, §8-19-1 et seq.; wrongful repossession (see the Uniform Commercial Code, codified in the Code of Alabama at §7-9A-

609(g)(2)); and the Alabama Consumer Identity Protection Act, Code of Alabama, §13A-8-190 et seq.

4. As the list of statutes given above indicates, a consumer protection practice requires familiarity with a number of fairly technical federal and state statutes as well as common law causes of action.

5. In addition, a large number of consumer clients are unable to pay an attorney an hourly fee for his or her services. Because of the importance of encouraging and supporting enforcement of consumer protections by private lawsuits, all of the statutes referred to above include a provision under which a court may award attorney's fees to a prevailing consumer. Consumer attorneys are frequently required to accept cases on a contingency fee basis in the hope that, if they are successful in the litigation, the court will order the losing party to pay their fees.

6. Because of the technical nature of a consumer law practice and the financial uncertainties involved in a practice which relies heavily on contingency fee arrangements, there are very few attorneys who engage in this work. I know of only one attorney other than myself who does this work out of an office in Montgomery, a community with hundreds of attorneys.

7. The fee that I normally charge for my work on consumer cases is $250 per hour. I believe this is on the low side for someone of my experience and background engaged in this kind of work, and it is likely that I will raise my regular fee next year.

8. I am generally aware of David Poston's background and experience in this area of legal practice. It is my opinion that an attorney with over 15 years experience engaged in this kind of practice in the Montgomery area would be expected to charge a fee of between $250 and $300 per hour. It is my understanding that Mr. Poston's normal hourly fee is $250. It is my

2

opinion that this is a reasonable hourly fee for an attorney with Mr. Poston's experience and

background. .

I hereby state and declare under penalty of perjury that the foregoing is true and correct.

Edward M. Wayland
December 17, 2007
Montgomery, Alabama

3