IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| JAMES R. CAMBRON  & | ) | 1:07-CV-00369-WHA |
| WENDY L. CAMBRON, | ) | |
| | ) | 1:07-CV-00370-WHA |
| | ) | |
| | ) | CASE NO. 05-11879 |
| Debtors. | ) | CHAPTER 7 |
| ---------------------------------------------- | )-- | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | A.P. NO.: 06-1057 |
| Plaintiff, | ) | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | A.P. NO.: 06-1058 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MEDICAL DATA SYSTEMS, INC., | ) | |
| d/b/a MEDICAL REVENUE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR ADDITIONAL ATTORNEY FEES**

**I. INTRODUCTION**

In accordance with Rule 54(d)(2)(B), Fed. R. Civ. Proc. and the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692k(a)(3), the Plaintiff requests an award of additional attorney fees in an amount determined reasonable by this Honorable Court.

Although the Plaintiff sought only statutory damages in this matter, the Defendant has defended its position throughout this entire litigation. Now that the Plaintiff has successfully

prosecuted his claims, the FDCPA requires the Defendant pay the undersigned attorney fees. In addition, the Defendant must also pay the undersigned attorney fees for defending this matter on appeal and for preparing the additional fee application. The Fifth Circuit Court of Appeals (now the Eleventh Circuit) stated, "the [Plaintiff's] counsel did not inflate this small case into a large one; its protraction resulted from the stalwart defense. Although Defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost. *McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981).

## II. HISTORY OF CASE

Pursuant to Fed. R. Evid. 201, the Plaintiff requests this Honorable Court take judicial notice of the following facts contained on the record of the Clerks of Court, United States District Court and United States Bankruptcy Court, Middle District of Alabama; the pleadings contained therein, and the evidence submitted at trial and reviewed *de novo* by this Honorable Court. The following facts are relevant to this motion:

1.    On April 18, 2006, James Cambron filed the instant lawsuit against Medical Data Systems, Inc.

2.    On April 18, 2006, Wendy Cambron filed the instant lawsuit against Medical Data Systems, Inc.

3.    The Plaintiff's complaints asserted that the Defendant's form debt collection letter, identified as the PL1 letter, violated various provisions of the FDCPA.

4.    On March 15, 2007, the Honorable William R. Sawyer held a trial on the merits of the Plaintiff's complaints.

5.    On April 5, 2007, the Honorable William R. Sawyer entered a Report And Recommendation finding liability against the Defendant pursuant to 15 U.S.C. §§ 1692e(5) & e(10).

6.  As part of the Report And Recommendation, Judge Sawyer also awarded the undersigned a reasonable attorney fee. Judge Sawyer ordered the undersigned to file a fee petition and affidavit within fifteen (15) days of the recommendation. The Defendant was also permitted an additional fifteen (15) days to lodge an objection to the undersigned's attorney fees.

7.  On April 17, 2007, the undersigned submitted his attorney fee application and affidavit.

8.  The Defendant did not respond to the attorney fee application and affidavit.

9.  On April 30, 2007, the Bankruptcy Court Clerk of Court transmitted the record of the proceedings below to this Honorable Court.

10. On May 29, 2007, the Defendant filed a reply to the Plaintiff's response to the Defendant's objection.

11. On May 30, 2007, the Plaintiff filed a motion for leave to reply to Defendant's response.

12. On May 30, 2007, this Honorable Court granted Plaintiff leave to reply to Defendant's response.

13. On June 15, 2007, the Plaintiff filed a second reply to Defendant's response.

14. On June 19, 2007, the Defendant filed a motion for leave to file a reply to Plaintiff's second response.

15. On June 22, 2007, the Plaintiff objected to the Defendant's motion for leave to file a reply to the Plaintiff's second response.

16. On July 3, 2007, this Honorable Court entered an order denying the Defendant's motion for leave to file a reply to Plaintiff's second response.

17. On August 10, 2007, Judge William R. Sawyer entered an order awarding attorney fees and costs in the amount of $29,536.78 for professional services rendered through April 12, 2007.

18. Since Judge Sawyer entered his Report And Recommendation, this case has been

vigorously defended by the Defendant, including its objection to the Report And

Recommendation along with two replies to the Plaintiff's responses.

19.    Likewise, this case was vigorously prosecuted by the Plaintiff in an effort to prove that the

Defendant's form debt collection letter violated the FDCPA.

20.    On December 4, 2007, this Honorable Court entered its Memorandum Opinion adopting

Judge Sawyer's Report And Recommendation. Further, this Honorable Court entered a

Judgment in favor of the Plaintiff, in both actions, for the maximum statutory damages,

attorney fees, and costs for prosecuting this case.

### III. LEGAL ARGUMENTS

A.    <u>The judgment in Plaintiff's favor constitutes a "successful action." Therefore, Plaintiff is</u>
<u>entitled to an award of attorney fees and costs.</u>

The FDCPA specifically mandates an award of attorney fees and costs of "any successful

action to enforce [FDCPA] liability...." 15 U.S.C. § 1692k(a)(3). Several courts noted that the

FDCPA fee shifting provision was enacted to provide Plaintiff an ability to retain able counsel.

*Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997); *Tolentino v.*

*Friedman*, 46 F.3d 645, 652 (7th Cir. 1995).

B.    <u>Attorney fees are mandatory for successful litigants.</u>

15 U.S.C. § 1692k(a)(3) states that "any debt collector who fails to comply with [the

FDCPA] with respect to any person is liable to such person in an amount equal to the sum of...a

reasonable attorney's fee as determined by the Court." In propounding the FDCPA, Congress made

clear that successful litigants were entitled to a recovery of attorney fees from the offending

Defendant. In the present case, the Defendant was found liable to the Plaintiff for the maximum

amount requested in the complaints. Because the Plaintiff only sought statutory damages, the

award of $1,000.00, in each case, represents the entire amount prayed for in the Plaintiff's

complaint. The plain meaning of the FDCPA <u>mandates</u> an award of attorney fees. *Emanuel v. American Credit Exchange*, 870 F. 2d 805, 809 (2d Cir. 1989); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F. 2d 22, 28 (2d Cir. 1989); *Joe v. Payco-General Am. Credits*, 1994 U.S. App. LEXIS 23900 (9th Cir. 1994); *Carroll v. Wolpoff & Abramson*, 53 F. 3d 626, 628-29 (4th Cir. 1995); *Graziano v. Harrison*, 950 F. 2d 107, 114 & n.13 (3d Cir. 1991); *Zagorski v. Midwest Billing Svc.*, 128 F. 3d 1164 (7th Cir. 1997).

Attorney fees are discretionary only to the extent of reasonableness. In defining reasonableness, and performing the requisite lodestar analysis, the record presents ample evidence of the defense presented in this case. As was its right, the Defendant chose to seek this Honorable Court's *de novo* review of the Bankruptcy Court's Report And Recommendation. The undersigned's additional fee request represents the required labor expended in responding to the Defendant's objections and responses. Furthermore, the Plaintiff was highly successful, and the Plaintiff's attorney fees and costs should be awarded as requested. This case, like any Federal litigation, was not simple or easy. This litigation was time consuming and labor extensive. Plaintiff's counsel is entitled to compensation for their fees and expenses submitted in this matter.

C.    <u>Plaintiff is entitled to an award of additional attorney fees for post trial labor.</u>

A prevailing Plaintiff in a fee shifting case is entitled to an award of reasonable attorney's fees and related expenses incurred in defending a favorable judgment on appeal. *Villano v. City of Boynton Beach*, 254 F. 3d 1302, 1310 (11th Cir. 2001) ("post judgment advocacy may generally be included in a Section 1988 award."). "The relevant inquiry for determining whether fees should be awarded for an appeal is simply whether the party seeking compensation substantially prevailed at the appellate level." *Evans v. City of Evanston*, 941 F.2d 473, 475 (7th Cir. 1991)(quotation and citation omitted); *accord, In the Matter of Pine*, 705 F.2d 936, 939 (7th Cir. 1983); *de Jesus*

*v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235-236 (1st Cir. 1990); *Chemical*

*Manufacturers Association v. U.S. Environmental Protection Agency*, 885 F.2d 1276, 1279-1280

(5th Cir. 1989); *Lattimore v. Oman Construction*, 868 F.2d 437, 440 (11th Cir. 1989); *Varner v.*

*Century Finance Company, Inc.*, 738 F.2d 1143, 1149 (11th Cir. 1984).

      Although the Bankruptcy Court's Report And Recommendation was not an appeal pursuant

to Rule 8001(a), Fed. R. Bankr. Proc., the Bankruptcy Court's findings were reviewed *de novo*

pursuant to Rule 9033 in a manner substantially similar to an appeal. *See generally* Fed. R. Bankr.

Proc. 9033. As such, Plaintiff's counsel should be compensated for its various responses at the

District Court level. In addition to the time spent defending its favorable result, Plaintiff's counsel

must also be awarded their time spent litigating this additional fee claim. *Thompson v. Pharm.*

*Corp. of Am., Inc.*, 334 F.3d 1242, 1245-1246 (11th Cir. 2003). As the Honorable Judge Posner

stated, "the entry of judgment is not the end of the litigation; in this case, it may not even be the

beginning of the end. It would make no more sense to deny attorney's fees for efforts to collect a

judgment than it would to deny them for efforts to defend a judgment on appeal." *Free v. Briody*,

793 F.2d 807, 809 (7th Cir. 1986). "Any other approach would defeat the Congressional purpose

in awarding fees by diluting an award of fees by the possible costs imposed on attorneys for

extensive uncompensated litigation to secure their fees." *Balark v. Curtin*, 655 F.2d 798, 803 (7th

Cir. 1981).

D.     <u>Attorney fees are calculated according to a three step process</u>

      As enunciated by the Eleventh Circuit Court of Appeals, attorney fees are decided by a

three-step process. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). First,

this Honorable Court must look to the Plaintiff's successful result. That is, the Plaintiff is a

prevailing party as to obtaining the maximum statutory damages. *Dillard* 213 F.3d at 1353.

Therefore, the first prong is satisfied insomuch as the Plaintiff is a prevailing party. Second, "the court calculates the 'lodestar,' which is the number of hours (tempered by billing judgment) spent in the legal work on the case multiplied by a reasonable market rate in the local area. *Id.* at 1353 *citing ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999); *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). The final step in the process is the adjustment of the 'lodestar' to account for other considerations...not yet figured in the computation, the most important being the relation of the results obtained to the work done." *Dillard* at 1347 *citing Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

      1.    <u>Plaintiff was the Prevailing Party</u>

    The first prong of the attorney fee analysis is the easiest for this Honorable Court. At the Bankruptcy Court, below, Judge Sawyer issued a Report And Recommendation finding the Defendant liable for its form debt collection letter. On *de novo* review, this Honorable Court also found that the Defendant's form debt collection letter violated the FDCPA and affirmed the Bankruptcy Court's award of $1,000.00 in each case. Because the complaint sought only statutory damages, the award of $1,000.00 per case was the maximum amount requested. As such, the Plaintiff was clearly the prevailing party.

      2.    <u>Calculation of Lodestar</u>

    In calculating the "lodestar" figure, this Honorable Court multiplies the hours reasonably expended times an allowed hourly rate. See *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983) (viewing an award of fees under 42 U.S.C. §1988). Plaintiff's counsel bears the burden of proving that the fee request is reasonable, with a strong presumption that the lodestar amount represents a fair and appropriate fee award. *Hensley*, 103 S.Ct. at 1941.

    Although the Supreme Court decided *Hensley* in the context of a civil rights case, the

lodestar analysis applies to all cases involving an attorney fee shifting statute. The Supreme Court has "stated in the past that fee shifting statutes [with] similar language is 'a strong indication' that they are to be interpreted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 109 S. Ct. 2732, 105 L. Ed.2d 639 (1989) (*quoting Northcross v. Memphis Bd. Of Education*, 412 U.S. 427, 428, 93 S. Ct. 2201, 2202, 37 L. Ed.2d 48 (1973).) *See also City of Burlington v. Dague*, 112 S. Ct. 2638, 2641 (1992) (clean water act case applying lodestar analysis); *Simpson v. Sheahan*, 104 F.3d 998, (7th Cir. 1997) (civil rights case); *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending case); *Piekarski v. Home Owners Savings Bank*, F.S.B., 755 F. Supp. 859, 863 (D. Minn 1991) (retaliatory discharge case).

The hourly rate is derived from the prevailing market rate with consideration for the attorneys years of experience and expertise. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000); *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). The determination of the allowable hours rests with the sound discretion of the trial court. *Hensley*, 103 S. Ct. at 1941.

      3.    <u>Adjustment of Lodestar Due to Other Considerations</u>

In the final prong of the attorney fee determination, this Honorable Court has the discretion "to adjust the lodestar to account for other considerations that have not yet figured in the computation...." *Dillard* at 1353. It is notable that the Eleventh Circuit Court of Appeals found the "relation of the results obtained to the work done" as an important factor. *Id.*

E.    <u>Plaintiff's attorney charged a reasonable hourly rate.</u>

The undersigned counsel's current hourly rate of $250 per hour is reasonable. The undersigned successfully resolved hundreds of consumer litigation cases since devoting himself to representing consumers in 1992. After completing law school, the undersigned immediately

focused on consumer bankruptcy by clerking for respected United States Bankruptcy Judges.  Upon

entering private practice, in 1992, the undersigned devoted himself to representing consumers in

the majority of the cases he filed.  By its very nature, consumer rights work is statutory intensive

and is primarily conducted in the Federal arena.  In 2004, the undersigned further refined his

practice to focus more on the area of consumer rights and consumer litigation.  The undersigned

has handled hundreds of consumer cases through trial, settlement, or demand to protect consumer

rights for violations of the various consumer law statutes.

On April 1, 2006, the undersigned left his successful bankruptcy practice to oversee a

newly formed Consumer Rights Litigation Department at the law firm of Brock and Stout.  Since that

time, the undersigned has devoted himself completely to consumer rights and litigation.

This counsel respectfully asserts that given the depth and breadth of his expertise in the area of

FDCPA litigation, his hourly rate of $250 is entirely reasonable for this market.  In fact, as

evidenced by the affidavits, the undersigned's requested hourly rate appears to be at the lower end

of the spectrum for the current market rate in the Middle District of Alabama.  And, in the end, it is

difficult to argue the excellent results obtained by counsel.

F.    The proportion of attorney fees to Plaintiff's actual recovery is irrelevant

Proportionality refers to the amount of attorney fees in comparison to the amount of

damages awarded Plaintiff. The issue of proportionality was rejected by the Supreme Court in

*Riverside v. Riviera*, 477 U.S. 561, 574 (1986)("We reject the proposition that fee awards under

section [42 U.S.C.] 1988 should necessarily be proportionate to the amount of damages a civil

rights plaintiff actually recovers.") Instead, the issue of proportionality has no bearing on the instant

case.  As was its right, the Defendant chose to object to the bankruptcy Court's Report And

Recommendation and defend its position the end.  In response to the Defendant's strategy,

Plaintiff's counsel expended great labor in addressing and countering the Defendant's objections

and arguments.  It was, after all, the Defendant's objections and responses which resulted in the labor expended by Plaintiff's counsel.

In the context of a similar Consumer Credit Protection Act statute, the Fair Credit Reporting Act, ("FCRA"), the Fourth Circuit stated:

> Proportionality of attorneys' fees to the amount recovered is not required in every action brought pursuant to the FCRA.  Since there will rarely be extensive damages in an FCRA action, requiring that attorney's fees be proportionate to the amount recovered would discourage vigorous enforcement of the Act.

*Yoyay v. City of Alexandria Employees Credit Union, Inc.* 827 F.2d 967, 974 (4th Cir. 1987).

Under the FDCPA, the Seventh Circuit noted that the "cumulative effect of petty violations ... may not be petty" and thus a case involving a small amount of damages is no justification to deny attorney fees.  *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997) (*quoting*) *Hyde v. Small*, 123 F.3d 583, 585 (7th Cir. 1997).

An exception to the bar against proportionality arises on the recovery of nominal damages. *See*, e.g. *Farrar v. Hobby*, 506 U.S. 103 113 (1992) (Plaintiff demanding $17 million dollars but recovering nominal damage of $1.00 is entitled to no attorneys fees under civil rights statute); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 630 (4th Cir. 1995)(FDCPA Plaintiff seeking $1,000.00 statutory damages but recovering $50.00 in statutory damages, had attorney fee request for $10,000.00 reduced to $500.00); *but see Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997)(trial court's denial of attorney fees, after Plaintiff's recovery of $100.00 statutory damages, constituted an abuse of discretion).

Nevertheless, an inadequate or nominal recovery is simply not an issue in the case at hand. The Plaintiff received the full extent of the requested relief.  This amount cannot reasonably be construed as nominal damages, and the Plaintiff's attorneys are therefore entitled to a full attorney fee award.  Courts have encountered many examples of fee awards disproportionate to damage

awards. *See City of Riverside v. Rivera*, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed.2d 466 (1986)

($245,456.25 in attorney fees, $33,350.00 in damages); *Building Service Local 47*, 46 F.3d

1392 (6th Cir. 1995) (ERISA case, $70,185.95 in attorney fees, $25,598.71 in damages);

*Northwest Women's Center v. McMonagh*, 889 F.2d 466 (3rd Cir. 1989)(RICO case, over

$60,000.00 in attorney fees, $2,661.00 damages); *Duval v. Midwest Auto City, Inc.*, 578 F.2d

721, 726 (8th Cir. 1978) (Federal Odometer case, over $14,000 attorney fees, $3,000 in

damages); *Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) (FDCPA case, $10,110 in attorney

fees, $1,200 damages).

In 2002, the Court for the District of Minnesota found that an attorney fees and costs

award of $44,655.29 was reasonable in an FDCPA case where the Plaintiff's statutory recovery was

$1,000.00. *Armstrong v. Rose Law Firm, P.A.* - Court File 00-2287 (MJD/SRN), 2002 WL

31050583. "The Court finds that Plaintiff's attorneys' fees and costs [of $44,655.29] are

reasonably proportional. While they far exceed the [$1,000] statutory damages award in the

present case, Plaintiff did not choose to create this disparity. Defendant aggressively defended this

case, as was its right. ... This defense produced a large amount of litigation, and significantly

increased the number of hours Plaintiff's attorney committed to this case." *Id*.

The issue before this Court is no different than that which the *Armstrong* court confronted.

That is, a Defendant that vigorously fights, even after being held liable, over the inevitable damage

award occasioned by violations of the FDCPA, must stand ready to accept the fee awards inevitably

occasioned by such a defense.

G.    Plaintiff's attorneys exercised sound discretion in deleting and "no charging" appropriate
      amounts of time prior to their application for additional fees to this Court

Since the inception of this litigation, Plaintiff's counsel maintained "contemporaneous time

records" for labor expended in prosecuting the Plaintiff's cause of action. In addition, Plaintiff's

counsel is under mandate to exercise billing discretion. In keeping with this mandate, the

undersigned "no charged" $1,912.50 of attorney and paralegal time. The undersigned attorney has meticulously reviewed and deleted all apparent duplication and questionable work product.

H.    The Defendant's litigation strategy led to higher attorney fees and costs for the Plaintiff

Even after the Bankruptcy Court determined the Defendant's form debt collection letter violated the FDCPA, the Defendant chose to object and seek this Honorable Court's *de novo* review. By continuing in its conviction that the form debt collection letter did not violate the FDCPA, the Defendant cannot complain about the extent of hours expended by Plaintiff's counsel in responding to the Defendant's objection to the Bankruptcy Court's Report And Recommendation. The Fifth Circuit Court of Appeals (now the Eleventh Circuit Court of Appeals), in *McGowan v. King*, Inc., 661 F.2d 48, 51 (5th Cir. 1981), laid bear the ugly practicalities of consumer litigation when it held:

> The borrower's counsel did not inflate this small [truth-in-lending] case into a large one; its protraction resulted from the stalwart defense. And although Defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear the cost.

Over the years, various courts have addressed those Defendants who erect a "stallingrad" defense in the face of litigation. See *Perkins v. New Orleans Athletic Club*, 429 F. Supp. 661, 667 (D. La. 1976).

The Defendant cannot be heard to complain about the requested additional attorney fees after two (2) courts have found the Defendant's form debt collection letter as violating the FDCPA. Furthermore, the Defendant has never taken any action to limit the damages, attorneys' fees and expenses of this litigation. See *Thiebes v. Wal-Mart Stores, Inc.*, 2007 U.S. App. LEXIS 4063 (9th Cir. 2007)("When a defendant employs a scorched earth strategy, unreasonably increasing a plaintiff's litigation expenses, the defendant can expect to pay for the attorney fees it forces the plaintiff to incur."); *Copeland v. Marshall*, 205 U.S. App. D.C. 390 (D.C. Cir. 1980)("The government cannot litigate tenaciously and then be heard to complain about the time necessarily

spent by the plaintiff in response."); *Wolf v. Frank*, 555 F.2d 1213, 1217 (5th Cir. 1977)("Obviously, the more stubborn the opposition the more time would be required, so that counsel received their compensation for the extra effort thus required."); *State Farm Fire & Casualty v. Palma*, 555 So.2d 836, 837 (Fla. 1990)("It appears State Farm decided to 'go to the mat' over the bill . . . . Having chosen to stand and fight over this charge, State Farm, of course, made a business judgment for which it should have known a day of reckoning would come should it lose in the end.").

## CONCLUSION

From the onset of this litigation, the Defendant chose to vigorously defend this lawsuit even through two (2) Court Opinions finding the Defendant's form PL1 debt collection letter as violating the FDCPA.  Even to this day, the Defendant contests the finding of liability.  The Defendant's course of action has dictated the Plaintiff's staunch prosecution of this matter.  Now, Plaintiff's counsel requests this Honorable Court fairly and adequately compensate them for their successful efforts.

For all of the foregoing reasons, the Plaintiff's respectfully request this Court order the Defendant to pay Plaintiffs' counsels at a minimum, the requested attorney fees and costs submitted on their fee application dated December 18, 2007;

Find that the prevailing market rate between $250 and $300 per hour for the undersigned attorney fees;

Find $125.00 per hour for the associate attorney's work; and,

Such other amount as the Court may deem appropriate.

Respectfully submitted,

BROCK & STOUT

David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Stefanie H. Jackman, Esq., and J. Kirkman Garrett, Esq., Attorneys for Defendant, via electronic mail at stefaniejackman@paulhastings.com and jkgarrett@csattorneys.com, this 18th day of Dec. , 2007.

David G. Poston