IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM C. CARN, III,<br>CHAPTER 7 TRUSTEE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MEDICAL DATA SYSTEMS, INC.,<br><br>　　　　Defendant. | CASE NO. 1:07-CV-00369-WHA |
| WILLIAM C. CARN, III,<br>CHAPTER 7 TRUSTEE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MEDICAL DATA SYSTEMS, INC.,<br><br>　　　　Defendant. | CASE NO. 1:07-CV-00370-WHA |

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT TO INCORPORATE THE BANKRUPTCY COURT'S AWARD OF ATTORNEY'S FEES AND COSTS AND MEMORANDUM IN SUPPORT

Defendant Medical Data Systems, Inc. ("MDS") respectfully moves this Court to reconsider its December 18, 2007 Order granting Plaintiff's December 12, 2007 motion to amend or alter the judgment in this matter to incorporate the Bankruptcy Court's award of attorney's fees and costs. In further support of this request, MDS shows the Court the following:

I.      **RELEVANT BACKGROUND FACTS TO THIS MOTION**

In early April, 2007, MDS retained the law firm of Paul, Hastings, Janofsky & Walker LLP ("Current Counsel") to draft MDS's objections to the Bankruptcy Court's proposed report and recommendation, which were filed with this Court. Prior to that date, Russel McGill ("Former Counsel") served as MDS's sole lead counsel in this matter, handling the entire trial of this matter before the Bankruptcy Court. Upon Current Counsel's entry into this matter at the District Court level, Former Counsel served as local counsel with respect to the filing of MDS's objections in this Court, but Former Counsel continued to act as lead counsel in this matter with respect to all remaining matters pending before the Bankruptcy Court.

Regrettably, and for unknown reasons, Former Counsel never responded to Plaintiff's April 17, 2007 motion for attorney's fees filed in the Bankruptcy Court. As Current Counsel was not acting as MDS's counsel before the Bankruptcy Court, Current Counsel was not served with Plaintiff's motion. In addition, again for reasons unknown to MDS at this time, Former Counsel did not forward a courtesy copy of Plaintiff's motion to Current Counsel or ever mention that he had received Plaintiff's motion.[1]

Former Counsel's behavior in this matter is significant because on July 17, 2007, Current Counsel discovered that Former Counsel was handling an additional 24 related matters involving the same collection letter and currently pending before various Alabama federal courts. Upon further investigation, Current Counsel discovered that Former Counsel's inaction in each of these matters continued back over the course of almost six months. Moreover, these additional

---

[1] MDS recognizes that the Bankruptcy Court's Order setting the time line for submitting objections to its proposed report and recommendation also included a time line for submitting any requests for attorney's fees and responses thereto, however, Current Counsel believed Former Counsel would be handling that matter and was unaware of Former Counsel's negligent behavior.

matters, involving the same collection letter, are also being handled by Plaintiff's counsel. A list of these related cases is attached as Exhibit 1.

In response to this realization, on July 19, 2007, MDS retained Current Counsel as sole lead counsel in this and all of the related matters pending before the Alabama federal courts and requested that Former Counsel withdraw from all of these matters, which Former Counsel agreed to do.[2] Given the substantial procedural issues existing in the 24 related matters and magnitude of effort required to address those problems, Current Counsel did not realize that Former Counsel had failed to respond to Plaintiff's request for attorney's fees or that a specific amount of attorney's fees had been awarded until Current Counsel received Plaintiff's December 12, 2007 motion to amend this Court's judgment, which included the Bankruptcy Court's Order granting Plaintiff attorney's fees as an exhibit. This was the first time MDS or Current Counsel became aware of the Bankruptcy Court's Order.

MDS submits that the combined circumstances of Current Counsel's entry into this matter and Former Counsel's unexplained failure to take any action in this or the 24 other related matters constitutes excusable neglect and warrants this Court reconsidering the appropriateness of Plaintiff's claimed fees pursuant to this Court's authority under FED. BANKR. R. 9033(d) and FED. R. CIV. P. 6(b) and 60(b)(1). As a threshold matter to MDS's assertion, MDS draws this Court's attention to the fact that the Bankruptcy Court, when it granted Plaintiff's motion for attorney's fees, failed to expound on the record why the fees were reasonable[3] and warranted as required by FED. R. CIV. P. 54(d)(2)(C) and the applicable legal standards in the Eleventh

---

[2] Moreover, in another unlucky twist of fate, when MDS filed its objections on April 20, 2007, which revealed Current Counsel's involvement with this matter, Plaintiff did not forward a copy of his outstanding motion for attorney's fees, which Plaintiff filed only three days before.

[3] In fact, the Bankruptcy Court stated the exact opposite when it acknowledged that Plaintiff's fees appeared, at first glance, to be high.

Circuit. Therefore, the award is invalid as a matter of law. Pursuant to FED. R. CIV. P. 6(b) and 60(b)(1), this Court has discretion to relieve MDS from the Bankruptcy Court's judgment and permit MDS to file a response to Plaintiff's claimed fees given that MDS's lack of response to Plaintiff's motion by MDS was the result of excusable neglect.

## II.     LEGAL ARGUMENT AND CITATION TO AUTHORITY

### A.     This Court Should Reconsider And Deny Plaintiff's Request To Amend Because The Bankruptcy Court Abused Its Discretion In Rendering Its Award In Favor Of Plaintiff.

A court reviews an award of attorney's fees under the abuse of discretion standard. In re Celotex Corp., 227 F.3d 1336, 1338 (11th Cir. 2000). Under this standard of review, "[a] bankruptcy judge abuses his discretion if he fails to apply the correct legal standard or his factual findings are clearly erroneous." Id.

Courts in the Eleventh Circuit are to use a three-step process when determining whether a party is entitled to attorney's fees. First, a court asks if the plaintiff has "prevailed" in the action. Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000) (internal citations omitted). Second, the court calculates the "lodestar," which is the number of hours, tempered by billing judgment, spent in the legal work on the case, multiplied by a reasonable market rate in the local area. Id. (internal citations omitted). Finally, the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done. Id. (internal citations omitted).

Moreover, the Eleventh Circuit Court of Appeals has held that "a judge determining a fee award must explain how his consideration of the Johnson factors affected the award." In re Celotex Corp., 227 F.3d at 1341; citing Grant v. George Schumann Tire & Battery Co., 908 F.2d

874, 877-78 (11th Cir. 1990) (holding that the bankruptcy court's failure to provide an explanation on the record regarding the reasonableness of the assessed hourly rate required the case to be reversed and remanded). Further, "the judge may not simply announce the rate, but must also set out in the record how he determined that rate." Id.; accord Hensley v. Eckerhart 461 U.S. 424, 439 n.15 (1983) (holding that a conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient) (rev'd on other grounds by statute); accord FED. R. CIV. P. 54(d)(2)(C) ("The court must find the facts and state its conclusions of law as provided in Rule 52(a)"). "Bankruptcy and district court judges may abuse their discretion by failing to apply proper legal standards, by failing to follow proper procedures, or by basing the award on findings of fact that are clearly erroneous." Grant, 908 F.2d at 878. However, "[a] court's order on attorney's fees only need be specific enough to allow meaningful review; the court must articulate the decisions it made, give principles reasons for those decisions, and show its calculation." Id.

Specifically, in determining the appropriateness of the lodestar, the Eleventh Circuit Court of Appeals has held that "a judge must calculate the hourly rate using twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)." In re Celotex, 227 F.3d at 1341 (internal citations omitted). The twelve "Johnson factors" are as follows: "(1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of [the] case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional

relationship with the client; and (12) awards in similar cases." <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974).

In this case, the Bankruptcy Court abused its discretion in awarding attorney's fees to Plaintiff. First, the Bankruptcy Court expressly acknowledged "the amount requested, relative to the complexity of the matter litigated appears, at first glance, to be high." <u>See</u> Order of Bankruptcy Court, p. 2, attached as Exhibit 2. However, the Bankruptcy Court awarded Plaintiff's requested amount of fees without further analysis or discussion, except to accuse MDS of engaging in "scorched earth litigation" because of an answer filed by former counsel on its behalf. <u>See</u> Exhibit 2, p. 2. The Bankruptcy Court failed to engage on the record in any analysis of the reasonableness of the time expended by Plaintiff in this matter or the reasonableness of the amount of fees and hourly rates requested by Plaintiff and put forth no principled reasoning or analysis to justify its award of attorney's fees. This failure is fatal to the Bankruptcy Court's award of attorney's fees to Plaintiff and warrants a reconsideration by this Court as it is inappropriate for this Court to uphold an improper award of attorney's fees.

    **B.**     **Upon Reconsideration Of Plaintiff's Motion For Attorney's Fees, This Court Should Exercise Its Discretion To Permit MDS To Respond To The Motion For Attorney's Fees Filed In The Bankruptcy Court.**

Under FED. BANKR. R. 9033(d), this Court has authority to review the bankruptcy court's proposed report and recommendations de novo and "accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." FED. BANKR. R. 9033(d). Therefore, this Court is not bound to accept the Bankruptcy Court's decision as to the amount of appropriate attorney's fees in this case, which even the Bankruptcy Court stated appeared "at first glance, to be high" given the relative complexity of the proceedings in the bankruptcy court.

Further, both FED. R. CIV. P. 6(b) and 60(b)(1) permit this Court to exercise its discretion to relieve MDS from the Bankruptcy Court's decision and permit MDS to submit a response to Plaintiff's motion for attorney's fees upon a showing of excusable neglect. Specifically, FED. R. CIV. P. 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Moreover, FED. R. CIV. P. 6(b) states that a court, "for cause shown, may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." MDS submits that the actions of Former Counsel constitute excusable neglect and warrant this Court exercising its discretion to permit MDS to file a response to Plaintiff's request for attorney's fees upon reconsideration of that motion by this Court.

Excusable neglect is a flexible and lenient standard. United States v. Jefferson, 315 F. Supp. 2d 1187, 1188 (M.D. Ala. 2004); see, e.g., Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1201-02 (11th Cir. 1999) (finding excusable neglect for a one-month delay in responding to a motion to dismiss resulting from a clerical error and in absence of bad faith); Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (finding excusable neglect for a six-day delay in filing a notice for trial de novo following a court-ordered arbitration resulting from attorney miscommunication and in absence of bad faith or dilatory intent). Excusable neglect encompasses inadvertence, mistake, carelessness, or intervening circumstances beyond the parties' control. Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 113 S. Ct. 1489, 1495 (1993).

MDS submits that the actions, or lack thereof, of Former Counsel qualify under any and all of these definitions of excusable neglect. At this time, it is wholly unknown to MDS why

Former Counsel failed to act as its advocate and diligently pursue this matter. Whether the result of inadvertence, mistake, carelessness, or something more significant and detrimental, Former Counsel's inaction should not be imputed to the prejudice of MDS. MDS respectfully requests that this Court exercise its discretion to consider an out-of-time response to Plaintiff's motion for attorney's fees in order to establish an appropriate fee award.

    **C.    In The Alternative, This Court Should Delay Amending Its Judgment To Include Any Award Of Attorney's Fees In The Interest Of Efficiency, To Prevent The Accrual Of Additional Fees, And In Light Of The Possibility That MDS's Appeal May Render This Issue Moot**

In the alternative, this Court should delay amending its judgment to include any specific amount of attorney's fees pending the appeal of this matter to the Eleventh Circuit Court of Appeals because of the possibility that MDS will prevail on appeal and render this motion moot or, in the alternative, in light of Plaintiff's assertion that she will seek attorney's fees incurred on appeal. This matter remains unresolved in light of MDS's filing of its notice of appeal on December 14, 2007. Therefore, in the interest of efficiency and consolidating all issues surrounding the appropriate amount of attorney's fees recoverable in this matter, MDS submits that the prudent course of action is for this Court to reserve its decision to amend its judgment to include any attorney's fees until all possible fees have been incurred by the parties and upon the resolution of MDS's appeal.

Respectfully submitted this __19th__ day of December, 2007.

                                      /s/ J. Kirkman Garrett
                                     James C. Huckaby, Jr.
                                     J. Kirkman Garrett

                                     *Local Counsel for*
                                     *Medical Data Systems, Inc.*

CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203
Tel. (205) 795-6588
Fax (205) 328-7234

John G. Parker
(Admitted *pro hac vice*)
Georgia Bar No. 562425
Stefanie Jackman
(Admitted *pro hac vice*)
Georgia Bar No. 335652

*Counsel for Medical Data Systems, Inc.*

Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30308
(Tel.) 404-815-2400
(Fax) 404-815-2424

## **CERTIFICATE OF SERVICE**

I hereby certify that on this  19th  day of December, 2007, I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Michael D. Brock, Esq.
Cary Wyatt Stout, Esq.
Walter Allen Blakeney, Esq.
David Gerald Poston, Esq.
BROCK & STOUT
PO Drawer 311167
Enterprise, AL 36331-1167

 /s/ J. Kirkman Garrett
OF COUNSEL

# Exhibit 1

# CASE APPENDIX

**PENDING IN THE UNTIED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF ALABAMA**

| PLAINTIFF | A.P. NUMBER |
|---|---|
| MARIA Y. BEAN v. MEDICAL DATA SYSTEMS, INC.* | A.P. #: 06-1093 |
| JONITA L. BERRY v. MEDICAL DATA SYSTEMS, INC.* | A.P. # 06-1179 |
| SHNEQUA P. BONE v. MEDICAL DATA SYSTEMS, INC. | A.P. # 06-1206 |
| ROY BOSWELL v. MEDICAL DATA SYSTEMS, INC. | A.P.# 06-1088 |
| JERRY D. BROADWAY v. MEDICAL DATA SYSTEMS, INC. | A.P. #: 06-1085 |
| JEFFERY DIXON v. MEDICAL DATA SYSTEMS, INC. | A.P. #: 06-1165 |
| JOHN R. DYKES v. MEDICAL DATA SYSTEMS, INC. | A.P. #: 06-1094 |
| MATTHEW ELLSWORTH v. MEDICAL DATA SYSTEMS, INC. | A.P. #: 06-1089 |
| LERINDA EVANS v. MEDICAL DATA SYSTEMS, INC. | A.P. #: 06-1196 |
| ROBIN & CHARLES FOWLER v. MEDICAL DATA SYSTEMS, INC. | A.P. #: 06-1166 |
| PHALA GAY GULLEDGE v. MEDICAL DATA SYSTEMS, INC. | A.P. # 07-1030 |
| MICHAEL JOHNSON v. MEDICAL DATA SYSTEMS, INC. | A.P. # 06-1218 |
| AARON S. KELLY v. MEDICAL DATA SYSTEMS, INC. | A.P. #: 06-1164 |
| LORRIAN G. LAMPLEY v. MEDICAL DATA SYSTEMS, INC. | A.P. #: 06-1201 |
| SHARON MCCARTER v. MEDICAL DATA SYSTEMS, INC. | A.P. #: 06-1172 |
| LORETTA MCCLURE v. MEDICAL DATA SYSTEMS, INC. | A.P. #: 06-1174 |
| RICHARD B. PARRISH v. MEDICAL DATA SYSTEMS, INC.* | A.P. #: 06-1163 |

| | |
|---|---|
| COURTNEY D. RAINWATER v. MEDICAL DATA SYSTEMS, INC. | A.P. # 06-1214 |
| CHELCIE N. RHODES v. MEDICAL DATA SYSTEMS, INC. | A.P. # 06-1225 |
| TRICIA D. VAUGHN v. MEDICAL DATA SYSTEMS, INC. | A.P. # 06-1192 |
| GREGORY L. WILLIAMS v. MEDICAL DATA SYSTEMS, INC. | A.P. # 07-1044 |
| CHRISTOPHER S. WINDHAM v. MEDICAL DATA SYSTEMS, INC. | A.P. #: 06-1171 |

\* - denotes dismissed bankruptcy matters that were pending during the pendency of this matter

**PENDING IN THE UNITED STATES DISTRICT COURT ALABAMA MIDDLE DISTRICT**

| PLAINTIFF | CASE NUMBER |
|---|---|
| LETICIA G. ANDREWS v. MEDICAL DATA SYSTEMS, INC. | 1:06-CV-00729 |
| BARBARA COACHMAN v. MEDICAL DATA SYSTEMS, INC. | 1:07-CV-155 |
| CYNTHIA F. TONEY v. MEDICAL DATA SYSTEMS, INC. | 2:06-CV-00949 |

# Exhibit 2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 05-11879
                                                         Chapter 7
JAMES R. CAMBRON and
WENDY L. CAMBRON,

        Debtors.


WILLIAM C. CARN, III,                                    Adv. Pro. No. 06-1057
BANKRUPTCY TRUSTEE,

        Plaintiff,

    v.

MEDICAL DATA SYSTEMS, INC.,

        Defendant.


WILLIAM C. CARN, III,                                    Adv. Pro. No. 06-1058
BANKRUPTCY TRUSTEE,

        Plaintiff,

    v.

MEDICAL DATA SYSTEMS, INC.,

        Defendant.


## ORDER

These consolidated adversary proceedings are before the Court upon the Plaintiff's request for attorney's fee. Pursuant to this Court's order of April 5, 2007, counsel for the Plaintiff was to file their Affidavit in support of their claim for attorney's fees by April 20, 2007, and the Defendant was to respond by May 4, 2007. (Doc. 34). The Plaintiff's counsel filed timely applications seeking a total of $29,536.78. (Docs. 35, 36, 37, 40). The Defendant did not

file a response.

Notwithstanding the lack of an objection from the Defendant, the Court has reviewed the bill submitted by counsel for the Plaintiff. The Court notes that the amount requested, relative to the complexity of the matter litigated appears, at first glance, to be high. However, review of these proceedings provides context. For example, in their Answer, the Defendant "denied each and every material allegation of the Complaint and demands strict proof thereof." (Doc. 17). It is hard to believe that the Defendant was honestly of the belief that absolutely nothing in the complaint was true. Having engaged in "scorched earth" litigation, the Defendant will not be heard to complain that the Plaintiff's attorney's fees are excessive. Indeed, they have made no such claim here. The Court finds that the amount requested was reasonable in the context of these proceedings and allows the fees as filed. It is

ORDERED, that the Plaintiff is awarded attorney's fees in the amount of $29,536.78, in addition to damages previously awarded.

Done this the 10th day of August, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge