IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES R. CAMBRON  & | ) | 1:07-CV-00369-WHA |
| WENDY L. CAMBRON, | ) | |
| | ) | 1:07-CV-00370-WHA |
| | ) | |
| | ) | CASE NO. 05-11879 |
| Debtors. | ) | CHAPTER 7 |
| ----------------------------------------------------------- | ) | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | A.P. NO.: 06-1057 |
| Plaintiff, | ) | |
| | ) | |
| WILLIAM C. CARN, III., | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | A.P. NO.: 06-1058 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MEDICAL DATA SYSTEMS, INC., | ) | |
| d/b/a MEDICAL REVENUE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER

### INTRODUCTION

Having now lost in two forums, the Defendant asks this Honorable Court to look backwards and deny the Order allowing the Plaintiff's first request for attorney fees. The Bankruptcy Rules, however, specifically prohibit review of the attorney fee award as untimely. As grounds for its motion to reconsider, the Defendant first cites excusable neglect as grounds for enlarging the time to object and then interposes its opinion that the Bankruptcy Court award was not in keeping with settled law.

Even if the black letter law permitted review of the attorney fee award, which it does not, the Defendant's actions do not rise to the level of excusable neglect. Indeed, the Defendant's second and third attorneys are responsible for the current state of affairs. The deadlines were fully set out in the Report and Recommendation and, additionally, in the implementing Order entered by the Bankruptcy Court. At best, the Defendant may be charged with neglect. The neglect, however, is certainly not excusable. Morever, the entire Bankruptcy Record, including the actual pleadings, were available for public consumption. In reality, the Defendant asks this Court to excuse it for failing to look at the docket.

Turning to the award of attorney fees, the Defendant goes to great lengths to criticize Judge Sawyer's rationale in awarding the Plaintiff's first request for attorney fees. This attempt, however, is nothing more than "Monday Morning Quarterbacking" where the Defendant tries to relive litigation that has been decided. In effect, the Defendant asks the Court to undo an award of attorney fees, because such award is not well reasoned, even though the Defendant bears full responsibility for failing to take action concerning the award. The Plaintiff requests this Court refrain from retrofitting an award where the Defendant caused the award in the first instance.

## UNDISPUTED FACTS

1.    On April 18, 2006, the Plaintiff filed his lawsuit against the Defendant in the United States Bankruptcy Court, Middle District of Alabama.

2.    The lawsuit alleged that the Defendant violated the FDCPA.

3.    The Defendant hired the Honorable Russel A. McGill to defend it in the Bankruptcy Court.

4.    On March 15, 2007, the Honorable William R. Sawyer conducted a trial.

5.    On April 5, 2007, the Honorable William R. Sawyer entered his Report and Recommendation finding the Defendant violated the FDCPA. In his "Report and

Recommendation," Judge Sawyer recommended that "Plaintiff be awarded attorney's fees," and ordered "Plaintiff's counsel to file an Affidavit in support of their claim for attorney's fees within 15 days." The Court also permitted Defendant "15 days to respond."

6.     On April 5, 2007, the Honorable William R. Sawyer also implementing entered an "Order" directing the parties "to file any objections to the Report and Recommendation on or before the close of business on April 20, 2007." The "Order" goes on to state that "counsel for the Plaintiff shall file an Affidavit in support of their claims for attorneys' fees and costs on or before the close of business on April 20, 2007. The Defendant shall file any objection to Plaintiff's request for attorney's fees and cost on or before the close of business on May 4, 2007."

7.     On April 17, 2007, Plaintiff's counsel filed their Affidavit in support of their request for attorney fees.

8.     On April 20, 2007, the Defendant filed a written objection to Judge Sawyer's Report and Recommendation. The objection was signed by Defendant's trial counsel Russel A. McGill and the law firm of Paul, Hastings, Janofsky & Walker (hereinafter, "Paul Hastings") who first identified itself as "of counsel" and later as "co-counsel." The signature on the objection was the first indication of Paul Hastings involvement.

9.     The Defendant did not respond to the request for attorney fees.

10.    On August 10, 2007, Judge Sawyer entered an Order awarding attorney fees and costs in the amount of $29,536.78.

## ARGUMENTS

A.     <u>The August 10, 2007, award of attorney fees is a final non-reviewable order</u>.

Bankruptcy Rule 9006(b)(3)[1] limits enlargement under 9033 and 8002 "only to the extent and under the conditions stated in those rules." Prior to the Defendant's Motion to Reconsider, the Defendant has never addressed the issue of attorney fees. Instead, the strategy was to attack the finding of liability. Of course, this would not have been a bad strategy had this Honorable Court sustained the Defendant's objection. However, the "specific objection" concerned only the finding of liability under 15 U.S.C. 1692e(5) &(10). That "specific objection" was overruled by this Honorable Court. As such, the Defendant sat upon its rights and decided not to object to an award of attorney fees.

Bankruptcy Rule 9033(c)[2] allowed the Defendant an opportunity to enlarge its objection window had it requested an enlargement within 10 days of Judge Sawyer's entry of the Report and Recommendation. Bankruptcy Rule 9033(c) goes on to permit further enlargement, based on excusable neglect, but only if a request is made "<u>no more than</u> twenty days after the expiration of the time for filing objections....(emphasis added)" <u>Id</u>.

B.    <u>Excusable neglect under 9033 is not a factor in the Defendant's Motion to Reconsider</u>.

Save for its Motion to Reconsider, which was filed on December 19, 2007, the Defendant never contested the Plaintiff's first request for attorney fees. Furthermore, Bankruptcy Rule 9006(b) and 9033(c) read in conjunction with one another, prohibit this Honorable Court from entertaining relief from Judgment under Fed. R. Civ. Pro. 60(b). <u>Infrastructure Serv. Co., LLC v.</u>

---

[1]    (3) Enlargement limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

[2] Extension of time. The bankruptcy judge may for cause extend the time for filing objections by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing objections must be made before the time for filing objections has expired, except that a request made no more than 20 days after the expiration of the time for filing objections may be granted upon a showing of excusable neglect.

Firestone, 328 B.R. 804 (C.D. Cal. 2005) (Plaintiff precluded from Rule 60(b) excusable neglect

relief when objection was filed outside of time frame set forth in Bankruptcy Rules.); Citibank (S.D.)

N.A. v. Dishman, 257 B.R. 780, 782-783 (Bankr. E.D. Va. 2000) ("Recent case law supports the

view that no equitable power nor broad means of judicial discretion exists to depart from Rule

9006(b)(3)'s mandate of compliance with specific deadlines."); cf. In re Arbuckle, 988 F.2d 29, 32

(5th Cir. 1993) ("The district court lacked jurisdiction of an appeal because Debtor's notice of

appeal was not timely filed.").

Moreover, while not required, Judge Sawyer went one step further and issued an

implementing "Order" which warned all parties of the time limits for objecting and the specific

findings of the Bankruptcy Court including an award of attorney fees.  Of the multitude of briefs that

the Defendant filed, not once did it object to an award of attorney fees.

C.    The Bankruptcy Court granted the Defendant even greater rights than it was entitled to by
       entering the "Order Approving Attorney Fees" on August 10, 2007.

On August 10, 2007, Judge Sawyer entered an order awarding attorney fees in the amount

of $29,536.78.  By entering what is arguably a final order, or a modified Report and

Recommendation, the Defendant had an opportunity to seek review of the award by filing a notice

of appeal pursuant to Bankruptcy Rule 8002(a)[3] or an objection under Bankruptcy Rule 9033(b).

In spite of the apparent final order, the Defendant tactically chose or negligently failed to appeal or

object to the order.  Accordingly, Bankruptcy Rule 9006(b)(3) is very specific in that there is no

enlargement permitted under excusable neglect, or otherwise, when an objection is filed outside of

the parameters specified in Bankruptcy Rules 8002(c)(2) or 9033(c).  Fed. R. Bankr. Pro.

9006(b)(3).

---

[3]Bankruptcy Rule 8002(a) states that "[t]he notice of appeal shall be filed with the clerk within 10
days of the date of the entry of the . . . order . . . appealed from."

D.    Even if excusable neglect were permitted, Defendant's neglect is not excusable.

The heart of the Defendant's Motion to Reconsider rests in large apart upon its attempt to throw its prior counsel under the bus. Oddly enough, the Defendant admits that it hired its second set of attorneys in "early April" 2007 to draft "objections to the Bankruptcy Court's proposed Report and Recommendation." What the Defendant neglects to mention is that it did not object to the Bankruptcy Court's specific recommendation that the Plaintiff be awarded attorney fees. Report and Recommendation at pp.10-11; Implementing Order at p. 2. If the Defendant had objected, such recommendation would have been subject to review under Rule 9033(b)[4]. See also 28 U.S.C. § 157(c)(1) (the District Court reviews "de novo those matters to which any party has timely and specifically objected."). Strangely enough, the Defendant did not object even though it was adequately apprised of the Bankruptcy Court recommendation. This begs the question, that if the second attorney was hired to object "to the Bankruptcy Court's proposed Report and Recommendation," why is the first attorney being blamed for the second attorney's failure to object to the recommendation of attorney fees? And more importantly, how does that rise to excusable neglect? After all, the Bankruptcy Court only made two recommendations.[5]

It strains reason to believe that the Defendant knew nothing about the application for attorney fees when it was fully aware of the deadline for objecting to the Report and Recommendation. While the deadline for filing the attorney fee affidavit and the deadline for filing

---

[4]Bankruptcy Rule 9033(b) states: "Within 10 days after being served with a copy of the proposed findings of fact and conclusion of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection." Bankruptcy Rule 9033(d) goes on to grant this Honorable Court power of de novo review "of any portion . . . to which specific written objection has been made in accordance with this rule."

[5]Report and Recommendation Conclusion: The Bankruptcy Court concluded that the PL1 letter violated the FDCPA. The Bankruptcy Court then goes on to makes only two recommendations. The Bankruptcy Court's First Recommendation was that Judgment be entered against the Defendant for $1,000 "for each of two claims." The Bankruptcy Court's Second Recommendation was that "Plaintiff be warded attorney's fees."

any objection thereto were fully set forth in the Report and Recommendation and the implementing

Order, the history of the case along with all documents filed are contained online at the CM/ECF

website. Quite simply, there is nothing unclear about the deadlines contained in the Report and

Recommendation or the deadlines contained in the implementing Order.[6]

E.      Even if trial counsel acted negligently, Defendant is bound by his acts.

        The Defendant's blaming its prior attorney is nothing new to the legal profession. In fact,

the Supreme Court held that attorney negligence is not excusable. Link v. Wabash R. Co., 370

U.S. 626, 633-634 (U.S. 1962) ("petitioner voluntarily chose this attorney as his representative in

the action, and he cannot now avoid the consequences of the acts or omissions of this freely

selected agent.")

        Although excusable neglect is not the primary issue before this Honorable Court, the action

or inaction of prior counsel is not the sole cause for the Defendant's failure to object or appeal the

first attorney fee decision. The Defendant's second attorney, along with the Defendant, bears

responsibility. Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380, 397 (U.S. 1993)

(the proper focus is upon whether the neglect of respondents and their counsel was excusable.). It

is also ironic that the Defendant's second attorney did not enter its appearance in the District Court

until July 2, 2007, and local replacement counsel did not file their appearance in District Court until

July 19, 2007. During this time, the Defendant filed an objection to the Report and

Recommendation, a reply to the Plaintiff's response and a request to file a surreply to the Plaintiff's

---

        [6]In addition to the Report and Recommendation, the Bankruptcy Court entered an "Order" directing
the parties "to file any objections to the Report and Recommendation . . . before the close of business on April
20, 2007." Further, the Order stated that "[a]ny objections must be specific . . . . [and] [f]ailure to file written
objections to the proposed finding and recommendations . . . shall bar the party from a de novo determination
by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual
findings in the report accepted or adopted by the district Court except upon grounds of plain error or manifest
injustice."

second response.  All of this was done while the Defendant was only aware of one case.  Yet, the

Defendant during this time did not bother checking the Bankruptcy Court CM/ECF website to

determine the status of the attorney fees.  Instead, the Defendant attempts to place the majority of

blame on prior counsel for not forwarding the undersigned's request for attorney fees.  The

Defendant even goes so far as to blame the undersigned for not forwarding a copy of the attorney

fee application of the second attorney two days after filing the request.  Defendant' Motion for

Reconsideration at p. 3, n. 2.

  Defendant is attempting to shield itself from any responsibility when responsibility rests

squarely on its shoulders.  It is beyond belief that a firm that advertises "1,200 lawyers located in

17 offices throughout Europe, Asia and the United States" cannot review electronic filings located

on a Bankruptcy Court's electronic filing database.  In fact, the firm of Paul Hastings advertises

technology as one of its attributes.[7]  In addressing the argument blaming prior counsel, the

Eleventh Circuit Court of Appeals held that excusable neglect was not present when a record is

readily available to successor attorneys to verify an act that was not completed.  In re South Atl.

Fin. Corp., 767 F.2d 814, 816 (11th Cir. 1985) cert denied 475 US 1015, 89 L Ed 2d 311, 106

S Ct 1197 (1986); see also In re Rhodes, 61 B.R. 626, 630 (B.A.P. 9th Cir. 1986) ("the general

---

[7] www.paulhastings.com/aboutus.aspx

Technology

At Paul Hastings, we see technology as a means to a competitive edge and we strategically
and aggressively pursue technologies that aid in the practice of law and the delivery of
services to our clients.

Our Technology Strengths include:
* Global connectivity and responsiveness
* Sophisticated practice support capabilities
* Client extranets
* Award-winning security
* Online training and conferences

provision of Fed. R. Civ.P. 60(b) for relief from judgment or order, as provided for by Rule 9024, [is] not be applicable" where the movant failed to meet the deadline contained in the specific Bankruptcy Rule.) (Attorney did not provide evidence as to whether she reviewed the "bankruptcy court file, a public record. Had she done so . . . she would have had ample time to meet the . . . deadline. . . ."). Id.

The Defendant goes so far as to admit its own negligence in failing to appeal or object to the Bankruptcy Court's August 10, 2007, award of attorney fees. In its Motion for Reconsideration, the Defendant states that "on July 19, 2007, [it] retained current counsel as sole lead counsel in this and all of the related matters pending before the Alabama federal courts. . . ." Motion to Reconsider at p. 3. Noticeably absent from this statement is that the second attorney "entered their appearance." The reason their appearance in the Bankruptcy Court is not mentioned is because the Defendant has never entered its appearance. By its very admission, the second attorney was hired in the instant case before Judge Sawyer entered the Order approving attorney fees. It stands to reason that the second attorney reviewed or should have reviewed the Bankruptcy Court docket. If it had reviewed the docket, it would have discovered the pending attorney fee motion prior to Judge Sawyer entering the award on August 10, 2007. Furthermore, Defendant's second attorney did not enter an appearance in the Bankruptcy Court which would have resulted in receiving e-notice under CM/ECF of Judge Sawyer's award. The Defendant cannot escape its own admission.

In summary, attorney negligence does not constitute excusable neglect. Link v. Wabash R. Co., 370 U.S. 626, 633-634 (U.S. 1962) ("Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the

attorney.'" [citation omitted]); <u>Gayle v. UPS</u>, 401 F.3d 222, 227 (4th Cir. 2005) ("We think that attorney negligence -- including allowing a client's case to fall through the cracks -- is even less an extraordinary circumstance."); <u>Prizevoits v. Indiana Bell Tel. Co.</u>, 76 F.3d 132, 133-134 (7th Cir. 1996) ("An unaccountable lapse is not excusable neglect. The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules."); <u>In re Walters</u>, 868 F.2d 665, 668-669 (4th Cir. 1989) ("one cannot voluntarily choose an attorney and then avoid the consequences of the attorney's acts or omissions.").

F.    <u>The Defendant misstates applicable law under Bankruptcy Rule 9033.</u>

In its Motion to Reconsider, the Defendant misquotes a pertinent and relevant portion of Bankruptcy Rule 9033(d).[8]  What the Defendant neglects to mention is that this Honorable Court makes a de novo review "<u>to which specific written objection has been made in accordance with this rule</u> (emphasis added)."  Fed. R. Bankr. Pro. 9033(d).  That is, Bankruptcy Rule 9033(d) requires a "specific written objection . . . made in accordance with [Rule 9033]."  Fed. R. Bankr. Pro. 9033(d).  The record reflects that the Defendant did not make a timely objection "in accordance with [Rule 9033]."  Fed. R. Bankr. Pro. 9033(b).  Bankruptcy Rule 9033(b) required the Defendant object within "10 days after being served with a copy of the proposed finding of fact and conclusions of law."  There is no doubt that the Defendant objected.  But, the Defendant only objected to the finding of liability under the FDCPA.  The Defendant never objected to Judge Sawyer's recommended attorney fees and completely ignored the deadlines set forth in the Report and Recommendation and the implementing "Order."

---

[8]In its Motion to Reconsider, the Defendant states that this "Court has authority to review the bankruptcy court's proposed report and recommendation de novo and 'accept, reject, or modify the proposed findings of facts or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.'" Defendant's Motion to Reconsider, p. 6.

G.    The court should not entertain Defendant's retroactive argument attacking Judge Sawyer's analysis of attorney fees and should not be persuaded by other pending Medical Data cases.

Almost immediately, the Defendant attempts to draw this Honorable Court's attention away from the real issue at hand. That is, can the Defendant get a third opportunity to object to the Plaintiff's request for attorney fees by claiming abuse of discretion by the Bankruptcy Court and citing all of the cases pending against this Defendant. Based on the timely objection to the Report and Recommendation, the second attorney is imputed with knowledge of the deadline for filing a fee petition and the deadline to respond.

This Honorable Court should not be mislead by the Defendant's argument. The Defendant, in an apparent slight of hand, tries to draw this Court's attention to the rationale contained in the Bankruptcy Court Order approving attorney fees as an abuse of discretion and to draw attention to all of the other pending lawsuits. Neither of these two issues are even remotely relevant to this Court's decision on the Motion to Reconsider. The reality is that the Defendant's second attorney only knew about one case when they were hired to object to the Report and Recommendation. Furthermore, the Defendant knew that the Plaintiff was ordered to file a fee affidavit and the Defendant had 14 days to object. At this point, the Defendant's second attorney had only one case to monitor.

## CONCLUSION

The Federal Rules of Bankruptcy Procedure provide a very specific time limitation regarding the Defendant's objection to the Order awarding the Plaintiff's first request for attorney fees. Bankruptcy Rule 9033(b) allowed the Defendant ten (10) days to object to the Report and Recommendation. Additional time was also available under Bankruptcy Rule 9033(c). The Defendant, however, did not object and the Order awarding attorney fees is final and non-

appealable. The Bankruptcy Rules further specify that enlargement under Bankruptcy Rule 9033 is limited to only the time specified under Bankruptcy Rule 9033(b) & (c). Fed. R. Bankr. 9006(b)(3). The Bankruptcy Court, in granting the Defendant even greater substantive rights, entered and Order awarding attorney fees on August 10, 2007, some four (4) months after warning the Defendant of the objection requirements contained under Bankruptcy Rule 9033. Nonetheless, the Defendant did not appeal or object to the August 10, 2007, Order. Once again, Bankruptcy Rule 9006(b)(3) limits the Defendant's enlargement options to those specified under Bankruptcy Rules 8002 and 9033. Quite simply, the Defendant did not timely object, and is bound to this Court's Order awarding attorney fees.

Even if excusable neglect were available to the Defendant, the actions of the Defendant and its attorneys do not rise to the level of excusable. Instead, the Defendant's actions are simply negligent. For the reasons set out in herein, the Plaintiff requests this Honorable Court deny the Defendant's motion to reconsider and for all other relief that is just.

Respectfully submitted,

BROCK & STOUT

David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

**CERTIFICATE OF SERVICE**

       I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Stefanie H. Jackman, Esq., and J. Kirkman Garrett, Esq., Attorneys for Defendant, via electronic mail at stefaniejackman@paulhastings.com and jkgarrett@csattorneys.com, this **11**<sup>th</sup> day of January, 2008.

David G. Poston